Argued and submitted August 13, 2009, reversed and remanded September 1, 2010

In the Matter of the Marriage of

Larry D. REEVES,
*Petitioner-Respondent,*
*and*

Debra Jean ELLIOTT,
*Respondent-Appellant,*
*and*

Justin REEVES
and Bryce Reeves,
*Adult Children-Respondents.*

Columbia County Circuit Court
934518; A137724

238 P3d 427

Clint Lonergan argued the cause and filed the brief for appellant.

Craig Wymetalek argued the cause and filed the brief for respondent Larry D. Reeves.

No appearance for respondents Justin Reeves and Bryce Reeves.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

Mother appeals a supplemental judgment that modified father's child support obligation for the parties' twin sons. The original stipulated dissolution judgment provided for payments to continue, under certain conditions, until the twins reached the age of 23, but the trial court modified the judgment to end child support when they reached age 21. Although we reject mother's first assignment of error without discussion, we nevertheless conclude that the trial court erred in modifying the judgment and, accordingly, reverse and remand.

The pertinent facts are not disputed. When mother and father divorced in 1994, they entered into a stipulated judgment of dissolution providing that "child support shall continue up to age 23 so long as said child is unmarried, under 23, and a full-time student regularly attending school, college or training designed to fit him * * * for gainful employment." In October 2006, when the twins were 19 years old, father moved to terminate child support. At the time, one was attending school and the other had taken a hiatus from attending school. Father argued that ORS 107.108, which provides for support orders for a "child attending school" up until a child reaches the age of 21, limits the court's authority to order child support beyond the age of 21. Mother opposed father's motion, contending that the stipulated judgment's provision for such support until the twins reached age 23 was enforceable under ORS 107.104, which provides for the enforcement of stipulated judgments. The trial court agreed with father and concluded in a corrected supplemental judgment that child support "shall continue so long as the children and/or child is or are children attending school per ORS 107.108"—that is, until they reach the age of 21.

On appeal, mother assigns error to the trial court's conclusion that it lacked authority to enforce a stipulated order of support for children beyond the age of 21. She contends that the terms of the stipulated judgment can be enforced under ORS 107.104, which encourages settlement of marital dissolutions, and that ORS 107.108 merely sets forth what a court can order apart from an agreement of the parties, leaving the parties free to agree to support beyond what

is provided for in the statute. Father responds that ORS 107.108 places a jurisdictional limit on the court's authority to award support.

 The trial court's modification of the original dissolution was based on its interpretation of the interplay between ORS 107.104 and ORS 107.108, a legal determination that we review for errors of law. *See Wolf and Taylor*, 224 Or App 245, 250, 197 P3d 585 (2008). To conduct that review, we examine the text of both statutes in context, along with any useful legislative history offered by the parties, in order to ascertain what the legislature most likely intended. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

We begin with a discussion of ORS 107.104. Oregon case law has long recognized a presumption in favor of enforcing marital dissolution agreements. As the Supreme Court explained even before ORS 107.104 was enacted:

> "The parties' own resolution of their dispute should be accorded great weight. In all cases of dissolution the court exercises full equity powers. ORS 107.405. Where parties have foregone their opportunity to litigate disputes and have chosen instead to enter into an agreement their reliance on the agreement can be presumed."

*McDonnal and McDonnal*, 293 Or 772, 779, 652 P2d 1247 (1982).

The legislature more recently enacted ORS 107.104 in order to overturn *Webber v. Olsen*, 330 Or 189, 998 P2d 666 (2000), in which the Supreme Court had declined to enforce as a contract an agreement embodied in a stipulated judgment of dissolution. *Grossman and Grossman*, 338 Or 99, 107 n 4, 106 P3d 618 (2005). Accordingly, as the Supreme Court has recognized, "ORS 107.104(1)(a) announced a state policy of encouraging settlement of dissolution and similar cases." *Id.*

ORS 107.104 provides, in part:

> "(1) It is the policy of this state:

> "(a) To encourage the settlement of suits for marital * * * dissolution * * *; and

"(b) For courts to enforce the terms of settlements described in subsection (2) of this section to the fullest extent possible, *except when to do so would violate the law or would clearly contravene public policy.*

"(2) In a suit for marital * * * dissolution * * *, the court may enforce the terms set forth in a stipulated judgment signed by the parties, a judgment resulting from a settlement on the record or a judgment incorporating a marital settlement agreement:

"(a) As contract terms using contract remedies;

"(b) By imposing any remedy available to enforce a judgment, including but not limited to contempt; or

"(c) By any combination of the provisions of paragraphs (a) and (b) of this subsection."

(Emphasis added.) *See also* ORS 107.135(15) (granting the court similar enforcement power for modification of dissolution agreements).

■■ The question here is whether the parties' stipulated dissolution judgment can be enforced without violating the law or contravening public policy. ORS 107.104(1)(b). Father argues that, insofar as the original stipulated judgment provides for support after the twins turn 21, it exceeds the authority of the court to award support under ORS 107.108. As we will explain, even assuming that the court's ability to award support under ORS 107.108 is so limited, the question before us is whether the court may enforce an agreement to do what the court could not otherwise order. Even if the court could not award such support in the first instance (a question we do not decide), such a limitation on the court's authority would not establish that an agreement to provide such support violates the law or contravenes public policy. Because we conclude that an agreement to provide child support after the child turns 21 neither violates the law nor contravenes public policy, we reverse the modification order.

We begin by examining the statutory basis for child support awards. ORS 107.105(1)(c) provides that, whenever the court enters a judgment of marital dissolution, it "may provide in the judgment * * * [f]or the support of the children of the marriage by the parties." However, "[t]he court is not

required to order support for any minor child who has become self-supporting, emancipated or married or who has ceased to attend school after becoming 18 years of age." *Id.*

ORS 107.108 then provides the court with authority to award support to "a child attending school." ORS 107.108(2) provides that "[a] support order entered or modified under this chapter * * * may require either parent, or both of them, to provide for the support or maintenance of a child attending school." ORS 107.108(1)(a) defines a "[c]hild attending school" as one who, among other things, "[i]s 18 years of age or older and under 21 years of age."[1]

Father contends that ORS 107.108 thus contains the limits of the court's authority to award child support to a child after the child turns 18. There are several problems with that argument. First, under ORS 107.105, a court "may" order child support but "is not required" to award support to a child who is 18 or older "who has ceased to attend school." Second, ORS 107.108(1) authorizes a court to award support to a "child attending school" who is under age 21, but does not explicitly prohibit awards of support in other circumstances.

In all events, even assuming, although not deciding, that a court may not award child support to a child older than 18 except as provided under ORS 107.108, the statute neither forbids the parties from agreeing to such support nor states any public policy against doing so. Accordingly, the parties' agreement to do so here is enforceable under ORS 107.104.

■ The fact that the agreement contains a definition of a "child attending school" that varies from the definition in ORS 107.108 does not, by itself, establish that the agreement's provisions violate the law or clearly contravene public

---

[1] The full text of ORS 107.108(1)(a) is as follows:

" 'Child attending school' means a child of the parties who:

"(A) Is unmarried;

"(B) Is 18 years of age or older and under 21 years of age;

"(C) Is making satisfactory academic progress as defined by the school that the child attends; and

"(D) Has a course load that is no less than one-half of the load that is determined by the school to constitute full-time enrollment."

policy. Even before the passage of ORS 107.104, we upheld agreements that required less stringent requirements for change of circumstances sufficient to modify support awards than that applied in ORS 107.135. *See, e.g., Eidlin and Eidlin*, 140 Or App 479, 483-84, 916 P2d 338 (1996); *Hearn and Hearn*, 128 Or App 259, 264-66, 875 P2d 508 (1994). As we explained in *Eidlin*, "in the absence of adverse public policy considerations, parties can make it easier to obtain a modification by agreeing to additional grounds therefor, but their stipulations cannot remove the court's authority to modify a spousal support award on the bases that are articulated in ORS 107.135." By contrast, we have found that an agreement cannot grant the court a power explicitly withheld by statute. *See, e.g., Hutchinson and Hutchinson*, 187 Or App 733, 744-47, 69 P3d 815 (2003) (holding that an agreement for spousal support modification could not provide for retroactive modification to a date before the filing of the husband's motion, where the applicable statute expressly forbade modification of support that had already accrued). ORS 107.108 does not forbid payment of child support beyond the age of 21; rather the parties agreed here to a more generous support award. That agreement is enforceable under ORS 107.104.

Reversed and remanded.