Submitted July 27, judgment modifying child support remanded for reconsideration; otherwise affirmed August 31, 2011

In the Matter of the Marriage of

William Oliver PORTER,
*Petitioner-Appellant,*
*and*

Bethany Rae GRIFFIN,
*Respondent-Respondent.*

Marion County Circuit Court
08C31608; A146031

262 P3d 1169

Richard F. Alway filed the brief for appellant.

No appearance for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

.

## WOLLHEIM, J.

Father appeals a supplemental judgment modifying child support and determining that he is in contempt of the dissolution judgment. We remand the child support award and otherwise affirm.

After a nine-year marriage, the parties were divorced in March 2009 by a stipulated general judgment of dissolution. At the time, both parties were 33 years of age. They have two of their own children, ages 7 and 5. They are also coguardians of Tyler, age 12, who is father's nephew and has lived with the parties since his birth.

Despite the fact that the parties have not adopted Tyler, father's petition for dissolution stated that Tyler is a child of the marriage. The stipulated judgment of dissolution also listed Tyler as a child of the marriage, awarded custody of all three children to mother, and awarded child support based on a calculation of support under the guidelines for three children. The judgment also treated Tyler as the parties' child for purposes of parenting time.

The stipulated judgment provided that wife was employed part time, earning less than minimum wage, and that she incurs child care expenses of $160 per month. The judgment provided that husband was employed full time, earning a gross monthly income of $4,470. The judgment awarded mother monthly child support of $1,056 for the three children, required father to maintain health and dental insurance for the children as long as it was available through his employer, and also awarded spousal support of $420 per month.

In July 2009, father filed a motion for modification, seeking an increase in parenting time and a concomitant reduction in child support. The parties stipulated to an increase in parenting time for father, so an adjustment of support was required for that reason. Father also contended that his income is now lower than the amount stated in the stipulated judgment and that the support amount should be further reduced to take into account that, since the dissolution, he has become the father of another child from a different relationship for whom he is now responsible.

Father also sought to vacate the provisions of the stipulated judgment pertaining to Tyler, contending that, in light of the parties' coguardianship, there was no need for the dissolution judgment to award custody of Tyler or to provide for his support. Father further contended that, under ORS chapter 107 and the support guidelines, Tyler is not a child of the marriage for whom custody and support may be awarded. Father asserted, however, that, because of the parent/child relationship, it was appropriate for the court to determine parenting time with respect to Tyler pursuant to ORS 109.119 and sought an increase in that parenting time.[1]

Mother responded by filing a motion to find father in contempt of the dissolution judgment for failing to pay support and for claiming the children as dependents on his tax return for 2008, despite a provision in the stipulated judgment that mother is entitled to claim them. It is undisputed that father claimed the children on his tax return and that mother did not claim them because she did not file a tax return for 2008.

Citing *Compton v. Compton*, 187 Or App 142, 66 P3d 572 (2003), the trial court explained that, as Tyler's legal guardians and through the stipulated judgment, the parties have contractually bound themselves to support Tyler and that the stipulated judgment was lawful and enforceable; thus, the court upheld the provisions of the stipulated judgment relating to Tyler. The court used the child support

---

[1] A complicating aspect of this case is that father identifies and makes separate arguments with respect to three different periods of support: At the hearing on the modification, father asserted that, with respect to the first period, from the date of dissolution to the date father served his motion for modification on August 20, 2009, the court should vacate the support obligation with respect to Tyler. For that period, he claimed, the court lacked authority to make any determination as to Tyler, because Tyler was not a child for whom support could be awarded under ORS 107.105. Father asserted that the provisions of the stipulated judgment relating to Tyler were therefore void. He sought to be credited for support payments that had been collected from him for Tyler through August 20, 2009.

As for the period from August 2009 through December 2009, father sought a modification so as to award support for the parties' two joint children only, and not Tyler. Finally, for the third period, father acknowledged that, due to a change in the guidelines effective January 1, 2010, Tyler is now considered a nonjoint child for whom child support may be awarded. Father also has a new child from a different relationship and sought to have that child considered in the calculation of support beginning in January 2010.

guidelines to determine support for the parties' two joint children and then added a "rebuttal" amount of $142 per month for Tyler.

As for mother's claim of contempt, the court determined that father was in contempt for not paying support and for having claimed the children on his tax return, and assessed a $3,000 fine against him, which the court stated approximated half of father's tax refund.

In his first assignment of error, father continues to argue that the stipulated judgment's treatment of Tyler as a child of the marriage is unlawful and therefore void. However, in the event that the court determines that a support award for Tyler is appropriate, father challenges the trial court's calculation of support by a method that rebutted the guidelines. Rather, father contends that, if Tyler is properly treated as a child of the marriage, then his support must be determined as for any other child. Father contends further that the trial court awarded mother an excess amount for "cash medical support" in lieu of insurance, and that a child care expense of $160 attributed to mother by the trial court is not supported by the record in light of mother's undisputed testimony that she has no child care expense. In his second assignment, father asserts that the trial court erred in determining that he was in contempt of the dissolution judgment and further erred in imposing a sanction which is unrelated to the alleged contempt and punitive.

In dissolution cases, this court, "acting in its sole discretion, may try the cause anew upon the record[.]" ORS 19.415(3)(b). However, we will exercise our discretion to review *de novo* "only in exceptional cases." ORAP 5.40(8)(c). If an appellant "seeks to have the court exercise that discretion," the appellant is required to "concisely state the reasons why the court should do so." ORAP 5.40(8)(a). Here, although father asks us to review *de novo*, he has not identified any reason why we should do so. Accordingly, and because we do not view this as an exceptional case, we decline to exercise our discretion to review *de novo* and, instead, are bound by the trial court's findings of historical fact that are supported by any evidence in the record. *See Turner and Muller*, 237 Or

App 192, 196, 238 P3d 1003 (2010), *rev den*, 350 Or 231 (2011) (describing considerations).

Because it is dispositive of the first assignment of error, we consider first the effect of the stipulated judgment of dissolution. In that document, signed by the parties when they were represented by legal counsel, and approved by the dissolution court, the parties stipulated to treat Tyler as a child of the marriage for purposes of custody, support, and parenting time. Father now contends that, because Tyler is not a child of the marriage, the court had no authority to either approve of or enforce the parties' stipulated judgment and those provisions of the stipulated judgment are void. However, as we recently said in *Reeves and Elliott*, 237 Or App 126, 238 P3d 427 (2010), Oregon case law has long recognized a presumption in favor of enforcing marital dissolution agreements. Additionally, ORS 107.104 provides, in part:

"(1)  It is the policy of this state:

"(a)  To encourage the settlement of suits for marital * * * dissolution * * *; and

"(b)  For courts to enforce the terms of settlements described in subsection (2) of this section to the fullest extent possible, except when to do so would violate the law or would clearly contravene public policy.

"(2)  In a suit for marital * * * dissolution * * *, the court may enforce the terms set forth in a stipulated judgment signed by the parties, a judgment resulting from a settlement on the record or a judgment incorporating a marital settlement agreement:

"(a)  As contract terms using contract remedies;

"(b)  By imposing any remedy available to enforce a judgment, including but not limited to contempt; or

"(c)  By any combination of the provisions of paragraphs (a) and (b) of this subsection."

Even assuming that the trial court would have lacked authority to order the parties to provide support for Tyler in the context of the dissolution, we conclude that the parties' agreement by stipulated judgment to treat Tyler as a child of

the marriage is enforceable so long as it does not violate the law or contravene public policy. ORS 107.104(1)(b); *Reeves*, 237 Or App at 131; *see also Porter and Porter*, 100 Or App 401, 404, 786 P2d 740, *rev den*, 310 Or 281 (1990) ("Courts should enforce, not disturb, negotiated settlement agreements, unless there is an overriding public policy reason for not doing so."). Other than contending that the dissolution court lacked authority to approve of the stipulated judgment, father makes no argument here that the agreement to provide for the support of Tyler was in violation of the law or public policy, and we conclude that it was not. Thus, we conclude that the trial court correctly upheld the parties' agreement to provide for the support of Tyler as a child of the marriage.

In light of our conclusion that the stipulated judgment is enforceable, the trial court's method of determining support for Tyler as a "rebuttal" to the guidelines was incorrect. Tyler is to be treated as a child of the marriage and, therefore, the parties' support obligation should be calculated based on three children. On remand, the trial court should reconsider support for the three children based on that underlying assumption.

As for the contempt, we do not disturb the trial court's determination that father was in contempt for failing to pay child support. Further, we reject father's contention that the trial court's imposition of a fine of $3,000 payable to mother is a punitive sanction.[2]

---

[2] ORS 33.045 provides, in part:

"(1) A court may impose either remedial or punitive sanctions for contempt.

"* * * * *

"(3) A fine may be remedial or punitive. A fine is:

"(a) Punitive if it is for a past contempt.

"(b) Remedial if it is for continuing contempt and the fine accumulates until the defendant complies with the court's judgment or order or if the fine may be partially or entirely forgiven when the defendant complies with the court's judgment or order.

"*(4) Any sanction requiring payment of amounts to one of the parties in a proceeding is remedial.*"

(Emphasis added.)

Judgment modifying child support remanded for reconsideration; otherwise affirmed.