Argued and submitted March 15, affirmed June 26, petition for review denied October 3, 2013 (354 Or 342)

In the Matter of the Marriage of

Carrie Emma BALDWIN,
nka Carrie Emma Lewis,
*Petitioner below,*

*and*

STATE OF OREGON,
acting by and through the
Division of Child Support,
*Petitioner-Respondent,*

*and*

Russell Lavergne BALDWIN,
*Respondent-Appellant.*

Lincoln County Circuit Court
025611; A149479

306 P3d 737

Russell L. Baldwin argued the cause and filed the briefs *pro se.*

Patrick M. Ebbett, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

## EGAN, J.

Father appeals two supplemental judgments, assigning error to the trial court's denial of his motions seeking to compel entry of proof in the trial court record that he had satisfied a child-support judgment. Father contends that the trial court administrator was obligated under ORS 18.235(9) and (10) to enter proof in the record that he had satisfied his support payments through June 2011 and that it was error for the trial court to conclude otherwise. He also contends that the Division of Child Support (DCS) was required under both ORS 18.232 and ORS 18.228 to submit proof to the trial court that he had satisfied his child-support payments. Finally, he also challenges the trial court's denial of his request for damages, costs, and attorney fees arising from the state's refusal to enter such proof in the court record. We affirm.

We recite the following undisputed facts consistently with the trial court's findings, which are supported by evidence in the record. *See Porter and Griffin,* 245 Or App 178, 182, 262 P3d 1169 (2011) (an appellate court is bound by the trial court's findings of fact if there is any evidence in the record to support them). Father and mother divorced in 2003; the judgment of dissolution required father to pay mother $600 in child support each month at least until the child turns 18 and possibly for longer if the child is enrolled in school past that age. DCS is responsible for collecting those payments from father and distributing them to mother.[1] Mother has not assigned any portion of the support payments to the State of Oregon. On several occasions, father fell behind on making his child support payments, such that DCS determined his account was in arrears. Father managed to bring his account current, however, and he made each of his monthly child support payments through June 30, 2011.

Several times after bringing his payments current, father sought to obtain proof from DCS that he had satisfied

---

[1] Mother is not involved in the present litigation; the dispute is between father and the state. Father was required, by statute, to file the motions presently at issue in the same action in which the underlying 2003 dissolution judgment was entered. ORS 18.235(2).

his payment obligations; he wanted DCS to forward documentation to the trial court showing that he had satisfied his support award judgment in order for that documentation to be entered in the court register and the judgment lien record. He made several requests by submitting proposed partial satisfaction documents to DCS along with signed statements indicating that he was, as of the specific times he filed each of the various requests, current on his payments. DCS refused to file the partial satisfaction documents submitted by father; it explained to father that the applicable statutes and administrative rules prohibited DCS from filing partial satisfaction documents with the court. After several of father's requests went unfulfilled by DCS, father filed a motion with the trial court that asked the court to declare that his judgment was partially satisfied. He additionally sought statutory damages and attorney fees from the state arising from the state's refusal to issue the proof of satisfaction he sought.

After a hearing on father's motion, the trial court issued a supplemental judgment in which it concluded that none of the applicable statutes or administrative rules required DCS to issue the partial satisfaction documents that father sought. Accordingly, despite its finding that father had fully paid his support obligations through June 30, 2011, the trial court denied father's motion with respect to both his request for an entry of partial satisfaction in the court records and for an award of damages and attorney fees.[2] After that first supplemental judgment was entered, father filed two requests directed to the trial court administrator. Those requests asked the administrator to "note in the register and in the judgment lien record * * * that the money award is paid in full through June 30, 2011." The court administrator refused to comply, citing the trial court's first supplemental judgment. Father then filed a motion for supplemental relief in which he sought a court order to compel the court administrator to provide father's requested relief. The trial court denied that motion in a second supplemental judgment. Father timely appealed both supplemental judgments.

---

[2] On appeal, father asks that we find his support obligations to have been paid in full through June 30, 2012. This opinion only concerns father's payments through June 30, 2011.

Because resolution of this appeal turns on Oregon's satisfaction of judgment statutes, we first offer an overview of the pertinent statutes. As relevant to this appeal, Oregon's statutory scheme for satisfaction of money awards consists of four statutes, which together provide several ways for a judgment debtor to get proof entered into the court records that a debt has been satisfied.[3] The foundational statute is ORS 18.225, under which a judgment debtor may obtain a satisfaction document directly from a judgment creditor. That statute provides that "[a] satisfaction document may be for full or partial satisfaction of a money award."[4] The satisfaction document must be signed by the judgment creditor or the creditor's attorney, and the signature must be witnessed by a notary public. ORS 18.225(1). ORS 18.225(3) makes the creditor's compliance with the judgment debtor's request mandatory: "Upon request by a judgment debtor * * *, a judgment creditor must provide to the judgment debtor a satisfaction document for all amounts credited against a money award as of the date that the satisfaction document is signed." Once a judgment debtor has obtained the signed satisfaction document, the debtor may file it directly with the court administrator for entry into the register and the judgment lien record. ORS 18.225(4).

Different statutory procedures are triggered, however, where a judgment debtor makes payments to DCS rather than directly to the judgment creditor.[5] In that case, a satisfaction document "may be filed with the court

---

[3] All four of the statutes that we discuss went into effect on January 1, 2004, a date subsequent to the 2003 dissolution judgment creating the support award in this case. Nonetheless, those statutes apply to judgments entered before the effective date of the legislation, such as the underlying dissolution judgment at issue. Or Laws 2003, ch 576, § 45(5), (8) - (10).

[4] This sentence highlights a crucial—yet potentially confusing—distinction in the terminology of judgment law. The term "satisfaction" is often used to refer to both the actual payment of money owing on a judgment and to the recording of proof of such payment in the court record. *Judgments*, 47 Am Jur 2d 382 § 804 (2006). In this opinion, we use the term "proof of satisfaction" where we intend to refer to the court record entry that indicates a judgment has been "satisfied"—*i.e.*, paid.

[5] The relevant statutes all specifically refer to situations where support payments are made to the Department of Justice, not DCS. DCS is a division of the Department of Justice, ORS 25.080(1)(a); we refer to DCS rather than the Department of Justice for clarity's sake.

administrator only as provided in ORS 18.228." ORS 18.225(6). ORS 18.228 provides, in part:

"(1)  If a support award is paid to the Department of Justice, the judgment creditor may receive credit for satisfaction of the judgment only in the manner provided by this section. The department may provide judgment creditors with forms and instructions for satisfaction of support awards under this section.

"(2)  Any satisfaction document for a support award described in subsection (1) of this section must be mailed to or delivered to the Department of Justice, and not to the court administrator. The department shall credit the amounts reflected in the satisfaction document to the support award pay records maintained by the department. Except as provided in subsection (3) of this section [pertaining to support awards assigned to the state], the department shall not credit amounts against the support award pay records to the extent that the judgment is assigned or subrogated to this or another state. The Department of Justice shall thereafter promptly forward the satisfaction document to the court administrator for the court in which the money award was entered, together with a certificate from the department stating the amounts reflected as paid in the support award pay records maintained by the department. The court administrator shall note in the register as paid only the amount stated in the certificate, and not the amount shown on the satisfaction document."

The statute thus provides a mandatory process that is invoked when a debtor makes support payments through DCS. Under that process, DCS must first examine and verify any proposed satisfaction document before submitting that document, along with a certificate, to the court administrator.

The third relevant statute is ORS 18.232, which provides that "[i]n addition to or in lieu of the certificate and satisfaction document provided for in ORS 18.228, [DCS] may execute and file a satisfaction document for a support award" if three conditions are met: (1) the judgment debtor provides a sworn affidavit indicating that the money award has been paid in full; (2) DCS certifies that it has a complete pay record for the payments; and (3) DCS certifies that there are no arrearages. ORS 18.232(1). DCS is required to

give notice to the judgment creditor "[i]f a satisfaction document under this section is for any payment made to [DCS] for amounts that have not been assigned by the judgment creditor to the state * * *." ORS 18.232(4).

The fourth statute is ORS 18.235, which provides that

"[a] judgment debtor * * * may move the court for an order declaring that a money award has been satisfied or for a determination of the amount necessary to satisfy the money award, when the person making the motion cannot otherwise obtain a satisfaction document from a judgment creditor."

ORS 18.235(1). If, after notice to all interested parties and a hearing on the matter, the court concludes that the movant is entitled to relief, "the court shall issue an order providing that the money award has been satisfied in full or, if the money award has not been satisfied in full, the specific amount that will satisfy the judgment on a specific date or within a period of time specified in the order." ORS 18.235(7). Following a trial court finding that the "money award has been satisfied," the trial court administrator "shall note in the register and in the judgment lien record that the money award has been satisfied in full."[6] ORS 18.235(9). Similarly, the statute requires that, "[u]pon request of the person making the motion, the court administrator shall issue a certificate indicating that the money award has been satisfied." ORS 18.235(10).

Broadly summarized, the statutory satisfaction scheme provides that a judgment debtor may ordinarily obtain a satisfaction document directly from a judgment creditor, who is required to provide such a document upon a debtor's request. ORS 18.225. If, however, payments on a support award are made to DCS and the debt has not been assigned to the state, the satisfaction document must first pass through DCS; the agency is obligated to process valid requests and issue a certificate to the trial court administrator for entry into the register. ORS 18.228. A debtor

---

[6] The trial court administrator is also required to make such notes if the judgment debtor pays an amount specified by the court within a specified time. ORS 18.235(9). That provision is not relevant to this case.

making support payments through DCS may additionally provide a sworn affidavit to the agency "indicating that the money award has been paid in full"; if the agency determines that there are no arrearages and that it has a complete pay record for the payments, it "may execute and file a satisfaction document." ORS 18.232. If a debtor "cannot otherwise obtain a satisfaction document from a judgment creditor," the debtor may turn to the courts for relief under ORS 18.235.

Against that statutory backdrop, we turn to father's assignments of error. Because the resolutions of the issues presented turn on questions of statutory interpretation, we review for legal error. *State v. Spainhower*, 251 Or App 25, 27, 283 P3d 361 (2012). Father's first and second assignments of error concern the trial court's second supplemental judgment, in which the trial court refused to require the trial court administrator to note in the court register that father's support award had been paid in full. Father contends that, once the trial court found that he had satisfied his support payments through June 2011, ORS 18.235(9) compelled the trial court administrator to note in the register and in the judgment lien record that he had satisfied the judgment through that time. He further contends that ORS 18.235(10) required the trial court administrator to provide him with a certificate indicating that he was current on his payments through June 2011.

The state responds by arguing that father was barred from requesting relief under ORS 18.235 because he did not demonstrate that he "[could not] otherwise obtain a satisfaction document from a judgment creditor." ORS 18.235(1). The state also argues that, because the trial court had found that father had not satisfied his judgment in full, he was not entitled to relief under ORS 18.235. Because we agree with the state's second argument, we do not address the points raised by its first.

ORS 18.235(9) provides, in part:

"If the court finds that the money award has been satisfied, or if the amount specified by the court is paid to the court administrator within the time specified by the court, the court administrator shall note in the register and in

the judgment lien record that the money award has been satisfied in full."

Father argues that the trial court found that he had satisfied his money award in full, insofar as it found that he had fully paid all amounts that he owed through June 2011 in its first supplemental judgment. Therefore, father reasons, ORS 18.235(9) required the trial court administrator to enter proof of that partial satisfaction in the record. However, that argument overlooks the definition of "money award" provided in ORS 18.005(14): "[A] judgment or portion of a judgment that requires the payment of money." The portion of the underlying dissolution judgment that requires father to make support payments—the money award—has not been satisfied in full; support payments will continue to accrue at least until father's child turns eighteen. Moreover, ORS 18.235(9) only requires the trial court administrator to note in the register and the judgment lien record that the "money award has been satisfied in full"; there is no other relevant action the administrator is required to take. It would be illogical to interpret the statute as requiring the trial court administrator to note that "the money award has been satisfied in full" after the trial court has previously found that the amounts owed on the money award have been paid only through June 2011. The trial court found that the "money award" father is required to pay had not been "satisfied" within the meaning of ORS 18.235, and he was therefore not entitled to have the trial court administrator enter proof that he had partially satisfied his judgment under that statute.[7]

Father's next assignments of error concern the trial court's first supplemental judgment, in which the trial court concluded that father was not entitled to entry of proof of partial satisfaction on any of the statutory theories that he had advanced. Father first argues that, contrary to the trial court's conclusion otherwise, ORS 18.232 allows DCS to execute and file a satisfaction document when a judgment has been partially satisfied. As noted, a judgment debtor may

[7] For the same reason, we reject father's arguments under ORS 18.235(10). That statute provides, in part, "Upon request of the person making the motion, the court administrator shall issue a certificate indicating that the money award has been satisfied." As discussed above, father's money award was not satisfied at the time that he moved for relief because his obligations to make payments accruing on the underlying judgment did not end in June 2011.

apply to DCS for a satisfaction document under ORS 18.232 if three conditions are met. One of those conditions is that father provide a sworn affidavit to DCS "indicating that the money award has been paid in full." ORS 18.232(1)(a). While father did indeed provide a sworn statement to DCS indicating that the money award was "paid in full" through June 30, 2011, father acknowledges that he has several years of payments left to make under the terms of the dissolution judgment. Despite this, father argues that, because the payments accrue monthly, each individual monthly payment constitutes an individual money award and that he has fully satisfied each of these through June 2011; as such, he reasons that DCS is compelled to process his request under ORS 18.232. Father's argument under this statute, however, encounters the same difficulty as his argument under ORS 18.235: A money award is defined as "a judgment or portion of a judgment that requires the payment of money." ORS 18.005(14). The portion of the dissolution judgment requiring father to make support payments—"the money award"—continued to be in effect past June 2011 because the terms of the underlying judgment require him to make support payments at least until his child turns 18. The money award was not fully satisfied as of June 30, 2011.

In support of his argument that ORS 18.232 allows DCS to file partial satisfaction documents with the trial court, father also points to an administrative rule, OAR 137-055-5220. That rule defines how DCS "will credit 'satisfactions of support award[s]' in certain circumstances." Specifically, father points to text in the rule's preface, which provides, "This rule must not be construed as limiting the authority of DCS to approve or credit a satisfaction of support award in other lawful circumstances not specified in this rule."[8] That language, however, cannot trump the statutory requirement of ORS 18.232(1)(a) that a judgment debtor must provide a sworn affidavit "indicating that the money award has been paid in full." The money award in

---

[8] Father also contends that the trial court erred by concluding that only a judgment creditor may request a satisfaction document from DCS under ORS 18.232. The trial court's letter opinion did contain some confusing language on this point, but when that language is read in the context of the entire opinion, it is apparent that the trial court understood that the procedures of ORS 18.232 are designed for use by the judgment debtor—not the judgment creditor.

this case has not been paid in full, and DCS was therefore not required to act on father's requests under ORS 18.232.

Father next contends that the trial court erred by refusing to grant him relief under ORS 18.228. As noted, father submitted numerous requests directly to DCS for the purpose of having DCS send the trial court a certificate reflecting the fact that he had partially satisfied his judgment; DCS declined to issue the requested certification. The trial court concluded that DCS was not required to comply with father's request because only a judgment creditor may request a partial satisfaction document from DCS under ORS 18.228.

As noted, subsection (1) of that statute provides:

"If a support award is paid to [DCS], the judgment creditor may receive credit for satisfaction of the judgment only in the manner provided by this section. The department may provide judgment creditors with forms and instructions for satisfaction of support awards under this section."

ORS 18.228(1). The state cites that language in support of its argument that the trial court correctly concluded that only a judgment creditor may use the procedure of ORS 18.228, stating, "ORS 18.228 explicitly only applies to judgment creditors. Accordingly, father cannot avail himself of the procedures under ORS 18.228. Because 18.228 does not apply to father, the trial court correctly denied him relief under that statute." (Footnote omitted.) Father argues that nothing in the statute prohibits a judgment debtor from seeking a partial satisfaction document from DCS. We attempt to discern the meaning of the statute under the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), *as modified by State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). "To determine the intended meaning of the statute, we examine its text, in context, and, where appropriate, legislative history and relevant canons of construction." *Halperin v. Pitts*, 352 Or 482, 486, 287 P3d 1069 (2012). "[T]ext and context remain primary, and must be given primary weight in the analysis." *Gaines*, 346 Or at 171.

Regardless of whether the state is correct that ORS 18.228 permits only a judgment creditor to make the application to DCS for a satisfaction certificate, the statute only

requires DCS to process "satisfaction document[s]." ORS 18.228(2) provides, in part:

> "Any *satisfaction document* for a support award described in subsection (1) of this section must be mailed to or delivered to the Department of Justice, and not to the court administrator. The department *shall* credit the amounts reflected in the *satisfaction document* to the support award pay records maintained by the department."

(Emphasis added.) It is evident that the term "satisfaction document," as used in ORS 18.228, takes on the meaning given to the term by ORS 18.225. As noted, that statute provides that, "[a] satisfaction document *must* be signed by the judgment creditor or by an attorney who represents the judgment creditor. The signature of the judgment creditor or attorney signing a satisfaction document *must* be witnessed by a notary public." (Emphasis added.) The trial court found that "there is no evidence in the record that [mother] has refused or otherwise not provided an appropriate satisfaction of the judgment, partial or otherwise." Father does not challenge this finding on appeal and, moreover, acknowledges that the judgment creditor did not sign the documents he submitted to DCS. Because father's requests for proof of satisfaction did not conform with the statutory requirements for satisfaction documents provided in ORS 18.225, DCS was not required to process his unilateral requests for proof of satisfaction under ORS 18.228.

In father's next assignment of error he contends that the trial court erred by denying his request for damages, costs, and attorney fees relating to the state's refusal to provide him with proof of satisfaction. Father argues that, because the state has refused to provide him with proof of satisfaction, the state has improperly refused to remove support arrearage liens that he maintains are encumbering his property. Father asserts that he is entitled to recover damages from the state for these liens under ORS 205.450 to 205.470.

ORS 205.470 provides:

> "Any person who knowingly files, or directs another to file, an invalid claim of encumbrance shall be liable to the owner of the property bound by the claim of encumbrance

for a sum of not less than $5,000 or for actual damages caused by the filing of the claim of encumbrance, whichever is greater, together with costs and reasonable attorney fees at trial and on appeal. Any grantee or other person purportedly benefited by an invalid encumbrance that is filed who willfully refuses to release the invalid encumbrance upon request of the owner of the property affected shall be liable to the owner for the damages and costs and reasonable attorney fees at trial and on appeal provided in this section."

An "[e]ncumbrance" is defined as "a claim, lien, charge or liability attached to and binding property." ORS 205.450(1). An "[i]nvalid claim of encumbrance" is defined as "a claim of encumbrance that is not a valid claim of encumbrance." ORS 205.450(5). In turn, a "[v]alid claim of encumbrance" is defined, in part, as an encumbrance that is "authorized by statute." ORS 205.450(8).

The first sentence of ORS 205.470 contemplates liability against a "person who knowingly *files*, or directs another *to file*, an invalid claim of encumbrance." (Emphasis added.) The second sentence of the statute provides liability against a "person purportedly benefited by an invalid encumbrance *that is filed* who willfully refuses to release the invalid encumbrance upon request of the owner of the property." (Emphasis added.) The legislature did not use the word "file" unintentionally, for ORS 205.450(4) provides a definition of that term: "'Filing' includes filing or recording."

Father focuses on the second sentence of ORS 205.470, arguing that the state's refusal to issue him a proof of satisfaction had the effect of "refus[ing] to release" existing liens—*i.e.*, encumbrances—on his land that, he argues, arose by virtue of his failure to make timely child support payments. In its first supplemental judgment, the trial court stated that "the Court finds that any liens against the real property of [father] were noted in the court records as required by law." Given this finding, father points to no place in the court record, and we can find none, indicating that any encumbrance—valid or otherwise—arising from a child support arrearage has been "filed or recorded" against his

property prior to June 30, 2011.[9] ORS 205.470 contemplates liability only where, among other requirements, an invalid encumbrance has been filed; father has not demonstrated that any encumbrance was ever filed—or recorded—against his property for child support arrearages prior to June 30, 2011.

The trial court found that a judgment lien was created by virtue of the support award in the underlying dissolution judgment and that a search of the "title records" will reveal a judgment lien against father's real property. Father, however, does not argue that any lien created by the underlying dissolution judgment was an *invalid* encumbrance at the time it arose. Instead, he merely seeks damages for the state's refusal to release individual support arrearage liens arising prior to June 30, 2011; however, as noted, no support arrearage liens appear in the record before us, and father has not indicated where any such liens have been "filed or recorded." In the absence of an invalid encumbrance that has been filed or recorded, a party is not entitled to damages under either provision of ORS 205.470. The trial court therefore properly denied father's request for damages, costs, and attorney fees under that statute.[10]

We have considered father's last assignment of error, which pertains to the trial court's denial of his request for damages arising from the state's response to his request for an admission during discovery, and reject it without discussion.

---

[9] A notation in the trial court record on the entry of the first supplemental judgment at issue in this case indicates that "Judgment Supplmtl Creates Lien." Father's brief cites this notation as an example of the support arrearage liens that the state refuses to release by issuing him a proof of satisfaction. While we are at a loss as to what that notation refers to—for nothing in the supplemental judgment itself seems to suggest the intent to create a lien—the entry date of the first supplemental judgment was August 30, 2011. This appeal concerns only any potential support payment arrearage liens through June 30, 2011; whatever lien effect the first supplemental judgment has is not properly before us.

[10] In his reply brief father raises, for the first time in this appeal, his assertion made in the trial court that the arrearage liens encumbering his property are an unconstitutional "taking" under both the Oregon Constitution and the United States Constitution. An issue raised for the first time in an appellant's reply brief will generally not be considered on appeal. *Ploplys v. Bryson*, 188 Or App 49, 57-58, 69 P3d 1257 (2003); ORAP 5.45(1). We therefore decline to address father's constitutional arguments.

In conclusion, the trial court administrator was not required—under either ORS 18.235(9) or (10)—to enter proof that father had satisfied his money award in full, because the trial court had previously found that father had not paid his money award in full. Additionally, the trial court correctly concluded that father was not entitled to relief under ORS 18.232 for that same reason: The "money award" owed by him—as that term is defined in ORS 18.005(14)—had not been "satisfied in full." Under ORS 18.228, DCS is only required to process a "satisfaction document" as that term is defined in ORS 18.225; the documents father submitted to DCS do not meet that statutory definition because they did not contain mother's—*i.e.*, creditor's—or her attorney's notarized signature. DCS was thus not required to process father's requests under ORS 18.228. In light of the trial court's finding that all of father's liens are reflected in the court record and the fact that no liens for support arrearages arising prior to June 30, 2011 appear in that record, the trial court did not err in denying father damages, costs, or attorney fees under ORS 205.470.

Affirmed.