Argued and submitted March 24, 2015, vacated and remanded August 31, 2016

In the Matter of the Marriage of

Lauren Victoria VANLANINGHAM,
*Petitioner-Respondent,*
*and*

Larry Emil VANLANINGHAM,
*Respondent-Appellant.*

Washington County Circuit Court
C093864DRB; A155102

380 P3d 1043

Rita Batz Cobb, Judge.

Margaret H. Leek Leiberan argued the cause for appellant. With her on the briefs was Jensen & Leiberan.

Joseph D. McDonald argued the cause for respondent. With him on the brief was Smith, McDonald & Vaught, LLP.

Before Sercombe, Presiding Judge, and Egan, Judge, and Tookey, Judge.

**EGAN, J**

Husband appeals a supplemental judgment modifying spousal support. Husband sought a reduction or termination of indefinite maintenance spousal support due to wife's receipt of an inheritance and husband's reduced income after their divorce. The trial court modified the judgment, reducing the indefinite maintenance spousal support award to wife from $5,500 per month to $4,700 per month. On appeal, husband assigns error to the amount and duration of the modification.[1] As explained below, because we conclude that the trial court based its decision of husband's motion to modify or terminate the spousal support on findings not supported by the record, we vacate and remand for further proceedings.

Husband requests *de novo* review of certain factual findings of the trial court because "the findings are unsupported in the record and are the controlling facts for the decision." We decline to exercise our discretion to review this case *de novo* because it is not an "exceptional case" warranting such review. *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (we exercise our discretion to review *de novo* only in "exceptional cases"). Accordingly, we are "bound by the trial court's findings of historical fact that are supported by any evidence in the record." *Porter and Griffin*, 245 Or App 178, 182, 262 P3d 1169 (2011). "[T]he trial court's award will be upheld if, given the findings of the trial court that are supported by the record, the court's determination that an award of support is 'just and equitable' represents a choice among legally correct alternatives." *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012).

I. FACTS AND PROCEDURAL BACKGROUND

In accordance with our standard of review, we "state the facts consistently with the trial court's express and

---

[1] We reject without discussion husband's third assignment of error, concerning husband's earning capacity.

implied findings, supplemented with uncontroverted information from the record." *Tilson and Tilson*, 260 Or App 427, 428, 317 P3d 391 (2013) (internal quotation marks omitted). Husband and wife were married for 26 years. They divorced in 2010. At the time of the dissolution, husband, then 58 years old, was working as a financial advisor for Morgan Stanley Smith Barney (Smith Barney). Wife, then 54 years old, was not employed, but had a Masters of Education degree. Husband and wife had three children, two of whom were adults and one of whom was still in high school.

The stipulated general judgment of dissolution entered on June 10, 2010, required that husband pay wife $5,500 per month of indefinite spousal support and $500 per month in transitional spousal support for two years beginning June 5, 2010. The general judgment also stated that husband's "actual income for 2009 was $168,000," that he "anticipates earning $250,000 gross per annum in the future," and that "[wife] will make reasonable efforts to obtain employment within two years at a rate of $50,000 annually."

A. *Wife's Income and Assets After the Divorce*

After the dissolution, wife received an unexpected inheritance from the estate of a family friend. The inheritance consisted of bank accounts totaling $486,000; 401(k) funds of $18,700; life insurance proceeds of $4,300; a condominium in Palm Springs, California, valued at $160,000 (with homeowners' association dues of $460 per month); a car valued at $7,000; a 50 percent interest in a lot in Oceanside, Oregon, valued at $90,000; and a few shares of stocks with minimal value.

In September 2012, wife began working full time as a school counselor; however, her contract for the school year beginning in 2013 was not guaranteed. Wife made $56,985 working 10 months a year at that job.

B. *Modification Hearing*

On January 25, 2013, husband filed a motion seeking modification of the June 10, 2010, dissolution judgment. Husband sought to reduce or terminate the indefinite

maintenance spousal support due to the inheritance received by wife and his reduced income.

At the modification hearing, wife provided a list of everything she had inherited and the corresponding value of each item. Wife testified that she had received possession of (1) the three bank accounts totaling $486,000; (2) $18,700 from a 401(k); and (3) $4,300 from the life insurance policy.

Wife also testified that the condominium had no mortgage and was valued at $160,000, but it was still in probate; she estimated that it would be through probate within a few months. Wife stated that the condominium required significant work and that the $160,000 value was the value after it was cleaned up, but also stated that it "may go up [to] 185." Wife received one estimate by a licensed contractor to "clean up" the condo for $75,000.

Wife testified at the hearing that the inherited half interest in the Oceanside lot was not sellable. Wife explained that she co-owned the other half of the interest in the property with husband, and that they had listed their interest in the property for sale for two years, but no offers had been made.

At the hearing, neither party provided evidence that anyone had challenged wife's inheritance or that there were any debts that had yet to be paid from the assets wife inherited.

Wife did not testify that she had invested or planned to invest her inheritance. However, husband testified about the various ways in which wife could invest her assets. Husband testified that a 100 percent asset allocation in cash typically yields a return of three percent, a rate that is "commonly associated with bank accounts" and that is just the "beginning rate." Husband also stated that a "prudently allocated and diversified portfolio" could expect a 7.76 percent return. And finally, husband testified about a "Monte Carlo" analysis of wife's assets, which, he explained, is a program that runs 500 different scenarios to determine the probability of achieving specified goals from investment strategies. Husband discussed various scenarios under the "Monte Carlo" analysis whereby wife's investment of her

inheritance could produce funds sufficient to replace her award of spousal support.

The trial court concluded that wife's "receipt of an inheritance was a substantial and unanticipated change in circumstances. Therefore, it is just and equitable to reduce [husband's] indefinite maintenance spousal support obligation by $800 to a support amount of $4,700 per month, beginning May 1, 2013." With regard to wife, the trial court made the following relevant findings:

- "[Wife] had received $486,000 inheritance from a family friend. Any additional amounts of inheritance at this time would be speculative due to the fact that the probate proceeding was still pending at the time of trial."

- "[Wife's] financial decision investing the inherited funds to earn 2-3% interest is reasonable."

- "Interest income from the inheritance would increase [wife's] income by approximately $9,000 per year."

- "[Wife] has received an unanticipated inheritance which allows her to receive some additional interest income."

- "[Wife] has invested her inheritance and at the present investment rate, her monthly income is increased by approximately $800 per month."

Husband appeals the supplemental judgment modifying spousal support.

## II.  ANALYSIS

ORS 107.135 authorizes a court to modify an award of spousal support if the economic circumstances of a party have substantially changed. Pertinent circumstances include *"income opportunities* and benefits of the respective parties from *all sources."* ORS 107.135(4)(a) (emphases added). *See Albrich and Albrich,* 162 Or App 30, 35, 987 P2d 542 (1999) (interpreting "all sources" in ORS 107.135(3)(a) to "plainly imply[] no limits," thus "the breadth of the court's *consideration* of the parties' income is without limits" (emphasis in original)).

In this case, the trial court determined that there had been such a change in wife's economic circumstances—that

wife's "receipt of an inheritance was a substantial and unanticipated change in circumstances"—and neither party challenges that determination. If a substantial change in economic circumstances has occurred, as it has in this case, the question for the trial court is "whether the particular modification that is sought is appropriate." *Reaves and Reaves*, 236 Or App 313, 319, 236 P3d 803 (2010). Husband, as the party seeking the modification, had the burden to show that a modification of the support required by the general judgment of dissolution is warranted. *See Miller and Miller*, 207 Or App 198, 205, 140 P3d 1172, *adh'd to as modified on recons*, 208 Or App 483, 144 P3d 1061 (2006).

Here, husband sought termination or, in the alternative, a reduction of spousal support. A termination or reduction of spousal support is proper when the purpose of the initial award has been met. *Frost and Frost*, 244 Or App 16, 23, 260 P3d 570 (2011). When the award does not provide any guidance as to its purpose, the court's "task is to maintain the relative positions of the parties as established in the initial decree[.]" *Bates and Bates*, 303 Or 40, 47, 733 P2d 1363 (1987). The ultimate inquiry, however, "in setting the appropriate amount of spousal support[,] is what is just and equitable, taking into account all of the circumstances that have changed since the dissolution." *Harless and Harless*, 276 Or App 49, 57, 366 P3d 402 (2016).

Husband contends that "[t]he trial court erred in determining the motion to modify or terminate spousal support by only considering a two percent income adopted (without evidence) by the [trial] court on only a portion of wife's unexpected $721,000 inheritance rather than a reasonable income on the entire inheritance plus the corpus of the inheritance itself." We understand husband's assignment of error to encompass two primary arguments.[2] First, in husband's view, the trial court erred when, in modifying spousal support, it considered only a portion of wife's

---

[2] We also understand husband to argue that the trial court erred when it did not consider the corpus of wife's inheritance itself as income. Husband argues that "[n]o evidence established any reason why wife could not use the corpus of [her] inheritance to support herself." Husband did not make that argument to the trial court, and it is therefore not preserved for our review. ORAP 5.45(1). Accordingly, we do not address that contention on appeal.

inheritance, rather than the entire inheritance, including inherited assets that were in probate at the time of the modification hearing. Second, according to husband, there is no evidence to support the trial court's finding that wife's financial decision to invest the inherited funds to earn two to three percent interest is reasonable.

As mentioned, wife testified at the modification hearing that she had inherited three bank accounts totaling $486,000 and that she had received possession of those accounts. Wife also testified that she had received possession of $18,700 from a 401(k) and $4,300 from a life insurance policy. The remaining assets that wife inherited were in probate at the time of the modification hearing. The trial court found that wife had received $486,000 in an inheritance and that "[a]ny additional amounts of inheritance at this time would be *speculative* due to the fact that the probate proceeding was still pending at the time of trial." (Emphasis added.) Therefore, the trial court did not *consider* the inherited 401(k) plan and life insurance policy totaling $23,000 that wife had possession of at the time of the modification hearing, nor did it consider assets that were still in probate at the time of the modification hearing.

Wife argues, in agreement with the trial court, that the assets still in probate were too speculative to consider at the time of trial because probate had not yet been completed. However, wife testified that she planned to sell the condominium valued at approximately $160,000 when it was through probate, and she provided evidence of the values of the Oceanside lot and the car. There was no evidence that anyone had challenged her inheritance of those assets or that there were any unpaid debts which would have to be paid from the probate estate thereby reducing the value of the assets to be inherited. Thus, the record lacks any evidence to support the trial court's finding that the value of the assets in probate was too speculative to be considered as part of the principal of wife's inheritance. Consequently, the trial court erred when it refused to consider the value of the assets still in probate—which included the condominium, the interest in the Oceanside lot, and the car—as part of the principal amount inherited by wife.

Wife acknowledges that "[h]usband is correct * * * that the trial court's findings as to the amount of inherited assets wife had received did not include life insurance proceeds and a distribution from a 401(k) plan which totaled about $23,000." However, she argues that "the income imputed on that amount at the rate the trial court found reasonable (*i.e.*, two to three percent) is *de minimus*." We need not address whether a determination of the imputed income from wife's inheritance is *de minimus* because the trial court can take that into account on remand.

On remand, the trial court should consider the value of the 401(k), life insurance proceeds, condominium, the interest in the Oceanside lot, and the car, in addition to the bank accounts when determining the spousal support modification.

Husband next argues that the trial court erred when it found that "[wife's] financial decision investing the inherited funds to earn 2-3% interest is reasonable" and that the "[i]nterest income from the [$486,000] inheritance would increase [wife's] income by approximately $9,000 per year." In so concluding, the trial court considered wife's future additional income to be the two to three percent interest income generated by placing the bank account assets in an interest bearing account. Again, we agree with husband. *See Porter*, 245 Or App at 182-83 (we are "bound by the trial court's findings of historical fact that are supported by any evidence in the record").

There is no evidence in the record to support a finding that wife intended to keep her inheritance in a low interest bearing savings account—wife did not testify that she was going to keep the inheritance in a savings account, nor did she testify that she would invest the money with a two to three percent return in the future. Instead, husband testified about the amount of interest income wife could receive at rates higher than two percent based on the value of all wife's inherited assets. Husband testified that a 100 percent asset allocation in cash typically yields a "beginning rate" of three percent interest and that a "prudently allocated and diversified portfolio" could expect a 7.76 percent return.

Thus, we conclude that the trial court's finding is not supported by evidence in the record.[3]

### III. CONCLUSION

We conclude that the trial court erred when it only considered a portion of wife's inherited assets and when it found that wife's financial decision to invest the inherited funds to earn two to three percent is reasonable as the basis on which it relied to modify the spousal support award. We therefore vacate and remand the supplemental judgment modifying spousal support. On remand, the trial court should consider the value of all of wife's inherited assets, including the assets that were in probate at the time of the modification hearing, to determine whether and how the spousal support award should be modified.

Vacated and remanded.

---

[3] To the extent that husband argues that the "trial court erred in holding that the award of indefinite maintenance spousal support to wife should be continued and *** there should be only an $800 reduction, leaving wife with indefinite maintenance support of $4,700 per month," we decline to address that issue because we are remanding this case to the trial court for further proceedings.