Anthony DESANCTIS, Appellant,

v.

Lynda Hurley PRITCHARD, Appellee.

Superior Court of Pennsylvania.

Argued April 24, 2002.
Filed July 5, 2002.

John S. Carnes, West Chester, for appellant.

John M. Larason, Yardley, for appellee.

Before: DEL SOLE, P.J., TODD and MONTEMURO *, JJ.

_____

* Retired Justice assigned to Superior Court.

1. On June 4, 2001, Appellant also filed a Petition to Enforce the Agreement and/or for Injunctive Relief. After a hearing, on October 2, 2001, the trial court denied the petition and thereafter sustained the preliminary objections.

MONTEMURO, J.

¶ 1 This is an appeal from the Order dated October 4, 2001, sustaining Appellee's preliminary objections to Appellant's Complaint and dismissing the Complaint, and sustaining Appellant's preliminary objections to Appellee's Counterclaim and dismissing the Counterclaim. We affirm.

¶ 2 Appellant and Appellee were married in 1991 and divorced in October, 2000. During their marriage Appellee purchased a dog, Barney, from the SPCA. In August, 2000, pursuant to their divorce, the parties entered into an "Agreement" that purported to be a property settlement but dealt primarily with Barney's future. In the Agreement, line 2 states "Barney is [Appellee's] property and she will have full custody." (Complaint, Exhibit A, "Agreement"). The Agreement was never incorporated or merged into the Divorce Decree. Further, the Agreement provided for an arrangement allowing Appellant to visit Barney. In March of 2000, Appellee moved to Bucks County and no longer made Barney available for Appellant's visits.

¶ 3 Appellant filed a Complaint in Equity in May, 2001, requesting the trial court to: 1) grant injunctive relief to mandate "shared custody" of Barney, 2) declare Appellee in breach of the Agreement, 3) reform the Agreement to provide for "shared custody," and 4) award reasonable attorney's fees. On June 26, 2001, Appellee filed preliminary objections to Appellant's Complaint, which were sustained on October 4, 2001, and the Complaint was dismissed.[1] This appeal followed.

¶ 4 Appellant raises two issues for appeal:

I. Did the trial court commit reversible error by sustaining poorly drafted preliminary objections and dismissing Appellant's complaint without leave to amend (and without transferring the matter to the law side of the Court) when the complaint properly set forth causes of action in equity?

II. Did the trial court err as a matter of law or abuse its discretion in disregarding § 3105 of the divorce code (applicable to make property settlement agreement enforceable under the code or in a civil or equitable proceeding) and improperly concluded [sic] that §§ 3503 and 3504 of the divorce code terminated Plaintiff's rights in possessing the dog Barney identified in a property settlement agreement which went into effect before the entry of a divorce decree and which agreement the Plaintiff was seeking to have declared enforceable and enforce?

(Appellant's Brief at 4). We will address these issues in reverse order.

When reviewing an order granting preliminary objections in the nature of a demurrer, an appellate court applies the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review. We need not consider the pleader's legal conclusions, unwarranted inferences from facts, opinions, or argumentative allegations. The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where affirmance of the trial court's order sustaining preliminary objections would result in the dismissal of an action, we may do so only when the case is clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review the trial court's decision for an abuse of discretion or an error of law.

*Werner v. J. Plater–Zyberk*, 2002 Pa.Super. 42, ¶¶ 6–7, 799 A.2d 776 (Pa.Super.2002) (citations omitted).

¶ 5 In seeking "shared custody" and a "visitation" arrangement, Appellant appears to treat Barney, a dog, as a child. Despite the status owners bestow on their pets, Pennsylvania law considers dogs to be personal property. *See* 3 P.S. § 459–601(a); *see also Price v. Brown*, 545 Pa. 216, 680 A.2d 1149, 1153 n. 3 (1996). The Agreement in question explicitly awarded this property to Appellee. Appellant argues that 23 Pa.C.S.A. § 3105(a), which allows the court to enforce a supplementary agreement to a divorce decree whether or not it was merged or incorporated into the decree, controls this issue. Appellant, however, overlooks the fact that any terms set forth in the Agreement are void to the extent that they attempt to award custodial visitation with or shared custody of personal property. *See* Pa.C.S.A. § 3502 (setting forth guidelines for distribution of property as opposed to custody or visitation). As the trial court aptly noted, Appellant is seeking an arrangement analogous, in law, to a visitation schedule for a table or a lamp. This result is clearly not contemplated by the statute. Indeed, 23 Pa.C.S.A. §§ 3503 and 3504 govern this issue:

**§ 3503 Effect of divorce on property rights generally**

Whenever a decree or judgment is granted which nullifies or absolutely ter-

minates the bonds of matrimony, *all property rights which are dependent upon the marital relation, except those which are vested rights, are terminated unless the court expressly provides otherwise in its decree.* All duties, rights and claims accruing to either of the parties at any time theretofore in pursuance of the marriage shall cease, and the parties shall severally be at liberty to marry again as if they had never been married.

### § 3504 Disposition of property after termination of marriage

Unless provided otherwise by the court, whenever a decree of divorce or annulment is entered by a court of competent jurisdiction, *both parties whose marriage is terminated or affected shall have complete freedom of disposition as to their separate real and personal property and may mortgage, sell, grant, convey or otherwise encumber or dispose of their separate property,* whether the property was acquired before, during or after coverture, and neither need join in, consent to or acknowledge a deed, mortgage or instrument of the other.

23 Pa.C.S.A. §§ 3503–04 (emphasis added). By the clear and unambiguous terms of the Agreement, Barney and his social schedule belong exclusively to Appellee.[2] This claim is meritless.

■ ¶ 6 In his second issue, Appellant asserts that the trial court erred in its rulings on Appellee's preliminary objections. However, Appellant's first argument focuses on his Complaint, not on Appellee's preliminary objections, contending that the trial court erred when it dismissed his Complaint rather than granting him leave to amend. A party "may file an amended pleading as a matter of course within twenty days after service of a copy of preliminary objections." Pa.R.C.P. 1028(c)(1). Appellant never filed an amended pleading during the period following service, and thereafter never requested leave to amend. Having never sought the remedy, Appellant may not now complain that the trial court erred in failing to grant it.

■ ¶ 7 Appellant also challenges the trial court's treatment of the preliminary objections as a demurrer since Appellee never specifically demurred. This claim is without merit. Paragraphs 26–40 of Appellee's preliminary objections clearly challenge the legal sufficiency of Appellant's Complaint. Pa.R.C.P. 1028(a)(4) specifies legal sufficiency as a proper ground on which to demur, and the trial court was correct to treat it as such.

■ ¶ 8 Appellant next contends that the trial court erred in not certifying the matter to the law side of the court as required by Pa.R.C.P. 1509(c). That rule, however, "requires certification *only if the objection is sustained because there is an adequate remedy at law.*" *Holiday Lounge Inc. v. Shaler Enterprises Corp.*, 441 Pa. 201, 272 A.2d 175, 177 (1971) (emphasis in original). In his Complaint and Brief, *Appellant* states that the remedy at law is "inadequate." (Appellant's Brief at 14). Consequently certification would have been inappropriate, and this claim, too, fails.

¶ 9 Order affirmed.

---

**2.** It is interesting to note that Barney was purchased by Appellee two months prior to the parties' first separation, and from December, 1996 until October, 2000, Appellant never saw Barney. (N.T., 10/2/01, at 13–14).