J-A21007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALEX KHEIFETZ, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TLA CINEMA, | |
| Appellee | No. 3618 EDA 2015 |

Appeal from the Order Entered October 23, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  August Term, 2015 No. 02400

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 17, 2016**

Appellant, Alex Kheifetz, appeals *pro se* from the trial court's order granting Appellee's, TLA Cinema (hereinafter, "TLA"), preliminary objections to Kheifetz's civil complaint, which ostensibly presented a breach of contract claim.  The trial court granted TLA's preliminary objections due to Kheifetz's failure to comply with Pennsylvania's Rules of Civil Procedure.  After careful review, we affirm.

According to averments in Kheifetz's complaint, he had purchased two tickets to attend an event at a TLA facility in Philadelphia scheduled for May 5, 2011.  Appellant's *Pro Se* Complaint (hereinafter, "the Complaint"), 9/8/15, at 1 (unnumbered pages).  Kheifetz paid $40 for the pair of tickets. *Id*.  On May 5, 2011, near the venue, Kheifetz attempted to resell his extra ticket to passersby.  *Id*. at 2.   At some point thereafter, Kheifetz was

confronted by TLA's security personnel, whom Kheifetz alleges assaulted him and confiscated his extra ticket before the police intervened. *Id.* Kheifetz also claimed to have incurred medical costs as a result of his confrontation with TLA's security. *Id.* at 3.

Kheifetz initially filed a claim before the Philadelphia Municipal Court on May 4, 2015, which was later dismissed by that court on July 21, 2015, on statute of limitations grounds.[1] Kheifetz filed a notice of appeal from the Municipal Court's order on August 19, 2015. On August 24, 2015, TLA filed a Praecipe for Rule to File Complaint. Kheifetz then filed the Complaint on September 8, 2015. TLA filed preliminary objections to the Complaint on September 30, 2015, and Kheifetz filed an answer to TLA's preliminary objections on October 23, 2015. That same day, the trial court issued the following order:

> **AND NOW**, this <u>23</u> day of <u>OCT</u>, 2015, upon consideration of the Preliminary Objections of Defendant, TLA Cinema, to Plaintiff's Complaint, and any Response thereto, it is hereby **ORDERED AND DECREED** that said Preliminary Objections are **SUSTAINED**, Plaintiff's Complaint is hereby **DISMISSED** with prejudice.

Order, 10/23/2015, at 1 (single page) (emphasis in original).

Kheifetz filed a timely notice of appeal to this Court. The trial court did not order him to file a Pa.R.A.P. 1925(b) statement, and Kheifetz did not file

---

[1] It appears that Kheifetz's initial claim before the Municipal court sounded solely in tort, for which the statute of limitations is two years. *See* 42 Pa.C.S. § 5524.

one.  The trial court issued its Rule 1925(a) opinion on February 3, 2016.

Appellant now presents the following questions for our review, reproduced

*verbatim*:

> 1) Whether it Be Reasonably Concluded that Proper Service Of The Timely Appeal "Notice Of Appeal" was made to the Court Of Common Pleas?
>
> 2) Whether the Dismissal Of The Complaint as well as the Civil Suit Against Defendant for Breach Of Contract eliminating Plaintiff's Due Process rights was premature? Should the Case Dismissal Be Vacated and Remanded back to the Court Of Common Pleas for Due Process (Arbitration), or Should the Case Dismissal Be Vacated and Remanded back to the Court Of Common Pleas with an order requiring Appellant to file an "Amended Complaint "?
>
> 3) (Optional for Court To Consider) Issue and establish Precedent (via order) that a Plaintiff has a legally protected right to sue and recover damages resulting from a Breach Of Contract that occurred because a party intentionally attacked someone to eliminate or confiscate such contract? Or To consider the establishment of precedent that a Plaintiff has a legally protected right to sue and recover damages resulting from a Breach Of Contract that occurred because a party intentionally Breached such contract for possible financial gain?

Appellant's Brief, at 2-3.

Kheifetz's first claim concerns his purported failure to serve the trial

court with a copy of his notice of appeal to the Superior Court. Kheifetz

appears to be responding to the trial court's summary of the procedural

history of this case, wherein it notes that while it was aware that Kheifetz

had filed a timely notice of appeal with this Court, it had "not been served

with the notice" at the time of the filing of its Rule 1925(a) opinion.  Trial

- 3 -

Court Opinion (TCO), 2/3/16, at 2. The opinion then makes no further mention of this matter.

Pa.R.A.P. 906(a) provides, in pertinent part, as follows:

**(a) General Rule.** Concurrently with the filing of the notice of appeal under Rule 905 (filing of notice of appeal), the appellant shall serve copies thereof, and of any order for transcript, and copies of a proof of service showing compliance with this rule, upon:

…

(2) The judge of the court below, whether or not the reasons for the order appealed from already appear of record;

Pa.R.A.P. 906(a).

However, Rule 902 provides that:

An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). *Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.*

Pa.R.A.P. 902 (emphasis added).

Instantly, we cannot perceive any prejudice to TLA (who was served by Kheifetz with a copy of his notice of appeal) resulting from this service deficiency to the court, nor did this technical service deficiency appear to hinder the trial court's drafting of its opinion. Moreover, the trial court was clearly aware that the notice of appeal had been timely at the time it filed its opinion. Accordingly, under the authority of Rule 902, we decline to take

any further action with regard to any deficiencies attendant to Kheifetz's purported failure to serve the trial court with a copy of his notice of appeal. *See Meadows v. Goodman*, 993 A.2d 912 (Pa. Super. 2010) (declining to quash an appeal where the appellant failed to properly serve the trial court with a copy of the appellant's timely-filed notice of appeal).

In his second claim, Kheifetz asserts that the trial court should not have granted TLA's preliminary objections. Essentially, Kheifetz admits that the Complaint suffered deficiencies of form related to the Rules of Civil Procedure, but he complains that the trial court should have allowed him to proceed with the defective complaint, premised on the notion that it fairly put TLA on notice of the nature of his contract claim. Alternatively, he asserts that the trial court should have granted him leave to amend the Complaint.

"Our standard of review of an order of the trial court overruling [or granting] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *De Lage Landen Services, Inc. v. Urb. Partn., LLC*, 903 A.2d 586, 589 (Pa. Super. 2006) (quoting *Mar–Eco, Inc. v. T & R & Sons Towing & Recovery, Inc.*, 837 A.2d 512, 514 (Pa. Super. 2003)).

The trial court granted TLA's preliminary objections based the following:

> Plaintiff Kheifetz's Complaint was a chronology of the events that transpired in front of Defendant-TLA Cinema's business on May 5, 2011. The pleading alludes to a breach of contract, but essentially provides a narrative of Plaintiff Kheifetz['s] attempting to sell tickets in front of the TLA Cinema and the subsequent incident with a security guard for which the police were called. The pleading failed to comply with Pa.R.C.P 1022, which requires that every pleading be divided into paragraphs numbered consecutively and that each paragraph contain, as far as practicable, only one material allegation. The pleading also failed to provide the contract alluded to in the description of events.

TCO at 2.

We begin our analysis by determining whether the trial court was correct in concluding the Complaint violated Pennsylvania's Rules of Civil Procedure. Rule 1022 provides that, "[e]very pleading shall be divided into paragraphs numbered consecutively. Each paragraph shall contain as far as practicable only one material allegation." Pa.R.C.P. 1022. It is clear that the Complaint does not meet this requirement. The Complaint is not divided into numbered paragraphs, and the paragraphs that are present assert multiple material allegations. There appears to have been no attempt by Kheifetz to comply, much less substantially comply, with Rule 1022. Although not mentioned by the trial court, for the same reasons, Kheifetz's complaint also runs afoul of Rule 1019(a) ("The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.").

Additionally, Rule 1019(i) provides that: "When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the

material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. No. 1019(i). Here, Kheifetz alleged that the tickets constituted a contract (or contracts) with TLA, and pled a breach of that contract (or contracts), but he failed to attach them to his complaint. Kheifetz now complains that he could not provide the seized ticket because it had been confiscated.[2] However, his contract claim in the Complaint also seeks to recover for losses related to the unseized ticket, and yet Kheifetz provided no explanation in the Complaint, nor does he provide one now on appeal, regarding why the unseized ticket could not have been provided.

Thus, we conclude that the record in this case supports the trial court's findings with regard to the Complaint's violations of the Rules of Civil Procedure. Thus, we now turn to whether the trial court abused its discretion by granting TLA's preliminary objections on that basis and, relatedly, whether Kheifetz should have been granted leave to amend the Complaint prior to dismissal.

Kheifetz cites several federal authorities for the proposition that *pro se* pleadings are to be construed liberally. This is the standard for *pro se* litigants seeking relief in federal courts, especially with regard to

_____

[2] With respect to the seized ticket, we agree with Kheifetz that this is true, by reasonable inference from the pleaded facts; however, his complaint did not explicitly set forth his inability to conform with Rule 1019(i).

incarcerated, *pro se* litigants.  **See e.g.**, **Haines v. Kerner**, 404 U.S. 519, 520–21 (1972) (holding that "the allegations of [a] *pro se* complaint" are held "to less stringent standards than formal pleadings drafted by lawyers"). However, Kheifetz is not incarcerated, and this Court has held that, in the civil context, "[a] *pro se* litigant is not absolved from complying with procedural rules." **Hoover v. Davila**, 862 A.2d 591, 595 (Pa. Super. 2004). Moreover, Pennsylvania's Rules of Civil Procedure dictate that preliminary objections may be filed on the basis that a complaint fails "to conform to law or rule of court." Pa.R.C.P. 1028(a)(2).  Kheifetz cites to no legal authority suggesting that his failure to conform to the Rules of Civil Procedure can simply be overlooked.  Thus, the court did not err in granting TLA's preliminary objections when it failed to ignore the procedural deficiencies of the Complaint.

Accordingly, we now turn to consider whether Kheifetz was entitled to amend the Complaint.

> A plaintiff is entitled to amend if the complaint doesn't exclude the possibility of recovery under a better statement of facts. This is especially true when a plaintiff's claim is dismissed on a defendant's demurrer[.]  In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter final judgment, but must give the pleader an opportunity to file an amended complaint.  This is not a matter of discretion with the court but rather a positive duty.

**Framlau Corp. v. Delaware County**, 299 A.2d 335, 337 (Pa. Super. 1972) (internal citation omitted).

Here, however, the basis on which the trial court granted TLA's preliminary objections was not in the nature of demurrer, that is, it was not based on Kheifetz's failure to state a claim upon which relief could be granted. Instead, the trial court granted TLA's preliminary objections because the Complaint failed to adhere to Pennsylvania's Rules of Civil Procedure. As such, the trial court was not devoid of discretion or subject to a "positive duty" to permit Kheifetz to amend the Complaint. *Id.*

In any event, there is nothing of record indicating that Kheifetz ever sought leave to amend the Complaint,[3] nor does it appear that he ever attempted to file an amended complaint as permitted by Rule 1028(c)(1) ("A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot."). Kheifetz is, therefore, intimating that the trial court should have *sua sponte* directed him to amend the Complaint despite his failure to request such relief, and despite his failure to avail himself of the relief already available under Rule 1028(c)(1).

_____

[3] In his answer to TLA's preliminary objections, Kheifetz not only failed to request leave to amend the Complaint, he essentially requested relief inconsistent with a request for leave to amend. *See* Kheifetz's Answer to TLA's Preliminary Objections, 10/23/15, at 8 (unnumbered pages) (seeking to "[p]ermit Plaintiff's Complaint[] to stand based on a clear understanding of the damages requested and to proceed to mandatory mediation and possible arbitration[.]") (unnecessary capitalization omitted).

We are aware of no authority suggesting that a trial court is under an obligation to *sua sponte* direct litigants to amend their *pro se* complaints when those complaints fail to adhere to Pennsylvania's Rules of Civil Procedure. To the contrary, in **Desanctis v. Pritchard**, 803 A.2d 230 (Pa. Super. 2002), the appellant argued that the trial court had "erred when it dismissed his Complaint rather than granting him leave to amend." *Id.* at 233. The appellant in **Desanctis** "never filed an amended pleading during the period following service, and thereafter never requested leave to amend." *Id.* (referencing the unconditional right to amend a complaint following preliminary objections pursuant to Rule 1028(c)(1)). Consequently, we held that "[h]aving never sought the remedy, [the a]ppellant may not now complain that the trial court erred in failing to grant it." *Id.*

Although **Desanctis** did not involve a *pro se* litigant, we see no basis for deviating from its holding. Kheifetz did not take advantage of Rule 1028(c)(1), which permitted him to amend the Complaint "as of course within twenty days after service of a copy of preliminary objections[,]" nor did he ever request leave to amend the Complaint in the trial court. Instead, Kheifetz requested that the trial court proceed under his procedurally defective complaint. We are aware of no authority permitting the trial court to simply ignore procedural deficiencies in a complaint when such deficiencies are raised in preliminary objections. Kheifetz was made

aware of those deficiencies, yet failed to take advantage of the extremely permissive nature of Rule 1028(c)(1) to correct them. Accordingly, we conclude that the trial court did not commit an error of law in granting TLA's preliminary objections.

Finally, because of our disposition with regard to Kheifetz's second claim, it would be improper to address his third and, therefore, we decline to do so.

Order **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016