J-A18037-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| CHARYN L. HAMELLY | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL DANILUK, LLC, AND CHERRY | : | No. 1308 WDA 2019 |
| LYNNE POTEET | : | |

Appeal from the Order Entered July 29, 2019
In the Court of Common Pleas of Mercer County Civil Division at No(s):
2018-553

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: FILED SEPTEMBER 24, 2020

Appellant Charyn L. Hamelly appeals from the order sustaining the preliminary objections filed by Appellees Daniel Daniluk, LLC (Daniluk), and Cherry Lynne Poteet, Esq., to Appellant's fifth amended complaint and dismissing the complaint with prejudice. On appeal, Appellant raises several arguments that the trial court erred by sustaining Appellees' preliminary objections. We affirm.

We state the facts and procedural history as set forth in the trial court's opinion:

On February 23, 2018, [Appellant] filed a complaint . . . against [Appellees], Anna Santangelo, and Michael Santangelo [collectively, Santangelos] alleging violations of 18 Pa.C.S. § 5703 and civil conspiracy. [Appellee] Daniel Daniluk, LLC is a law firm in Ohio and [Appellee] Cherry Lynn[e] Poteet is an attorney employed by [Appellee] Daniel Daniluk, LLC. [The Santangelos] are clients of [Appellee] Daniel Daniluk, LLC in various matters,

including a civil matter in this court docketed at case number 2016-1895.[1]   Anna Santangelo is the adopted daughter of [Appellant] and Michael Santangelo is Anna Santangelo's husband.

After [Appellees] filed preliminary objections to [Appellant's] complaint, [Appellant] filed a first amended complaint on April 13, 2018.   After [Appellees] again filed preliminary objections, [Appellant] filed a second amended complaint on May 21, 2018. Following [Appellees'] preliminary objections to the second amended complaint, [Appellant] filed a third amended complaint on June 26, 2018.

Prior to [Appellant] filing a third amended complaint, this court dismissed [the Santangelos] from this matter pursuant to a settlement and release agreement wherein [Appellant] and the Santangelos mutually released the other party of all claims.

Following preliminary objections to [Appellant's] third amended complaint, [Appellant] filed a fourth amended complaint on August 6, 2018.   After [Appellees] filled preliminary objections to [Appellant's] fourth amended complaint, [Appellant] filed a fifth amended complaint on September 14, 2018.

The crux of [Appellant's] fifth amended complaint centers around two alleged recordings of oral conversations between [Appellant] and Anna Santangelo.   The first alleged recording of oral conversation occurred on July 7, 2016. Anna Santangelo allegedly visited [Appellant's] residence, located in Pennsylvania, and recorded an oral conversation with [Appellant].   The second

_____

[1] The certified record does not provide much detail on the civil matter at case number 2016-1895.   It appears that the Santangelos, represented by Appellees, sued Appellant and her husband based, in part, on the intercepted communications.   See generally In re Hamelly, 200 A.3d 97, 100 (Pa. Super. 2018) (discussing the civil matter in resolving an entirely different lawsuit, specifically Appellant's appeal from the trial court's order denying her private criminal complaint against Attorney Poteet).   According to the Hamelly Court, in case number 2016-1895, the Santangelos alleged that Appellant's husband sexually abused Anna Santangelo when she was a teenager and that Appellant "took no action to stop this abuse despite having knowledge of the abuse."   Id. at 100 (citation omitted).

alleged recording occurred on July 10, 2016. Anna Santangelo and Michael Santangelo allegedly invited [Appellant] to their residence in Ohio and recorded an oral conversation with [Appellant].

[Appellant] did not claim that the [Appellees] recorded any oral conversations with [Appellant]. At all times relevant to this matter, [Appellees] were hired by the Santangelos to be their legal representation. As such, an attorney-client relationship existed between the Santangelos and [Appellees] and [Appellees] never undertook any action outside the scope of their representation of the Santangelos.

Trial Ct. Op., 10/23/19, at 2-3 (some formatting altered).

Appellant's fifth amended complaint raised four claims: (1) violation of 18 Pa.C.S. § 5703(1); (2) violation of 18 Pa.C.S. § 5703(2); (3) violation of 18 Pa.C.S. § 5703(3); and (4) civil conspiracy.

Section 5703 states as follows:

Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:

(1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication;

(2) intentionally discloses or endeavors to disclose to any other person the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication; or

(3) intentionally uses or endeavors to use the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication.

18 Pa.C.S. § 5703.

In relevant part, for Count I, Appellant alleged that Attorney Poteet "intentionally endeavored to intercept oral communications by advising [the Santangelos] to record the conversation between [Appellant] and [the Santangelos]." Fifth Am. Compl., 9/14/18, at ¶ 65. Similarly, Appellant asserted that Attorney Poteet "endeavored to intercept the conversation(s) without the knowledge or consent of [Appellant] by advising [the Santangelos] to do so. Id. at ¶ 68.

For Count II, violation of 18 Pa.C.S. § 5703(2), Appellant alleged as follows, in relevant part:

> 76. [Attorney] Poteet intentionally disclosed and endeavored to disclose the contents of an intercepted oral communication by sharing them with the Pennsylvania State Police, The District Attorney of Mercer County, and the Mercer County Court of Common Pleas.
>
> 77. At that time, [Attorney] Poteet knew that the information and evidence derived therefrom was obtained in violation of the law through the interception of an oral communication.

Id. at ¶¶ 76-77.

In support of Count III, violation of 18 Pa.C.S. § 5703(3), Appellant alleged the following:

> 83. [Attorney] Poteet intentionally used or endeavored to use the illegally recorded oral communication and evidence derived therefrom in reports and filings made with the Pennsylvania State Police, The District Attorney of Mercer County, and the Mercer County Court of Common Pleas.
>
> 84. At that time, [Attorney] Poteet knew that the information and evidence derived therefrom was obtained in violation of the law through the interception of an oral communication.

Id. at ¶¶ 83-84.

For Appellant's last count of conspiracy, Appellant alleged that the Santangelos and Attorney Poteet "through their actions outlined herein above, acted with a common purpose to do an unlawful act or to do a lawful act by unlawful means" and "in pursuance of their common purpose." Id. at ¶¶ 87-88.

The trial court's opinion sets forth the subsequent procedural history:

After [Appellant] filed a fifth amended complaint, [Appellees] filed preliminary objections arguing that (1) counts I, II, and III for violation of 18 Pa.C.S. § 5703 should be dismissed for failure to state a claim as 18 Pa.C.S. § 5704(17)[2] precludes liability, (2) counts I, II, and III for violation of 18 Pa.C.S. § 5703 should be dismissed for failure to state a claim as the settlement and release agreement[3] between [Appellant] and [the] Santangelos applies

_____

[2] Section 5704(17) states in relevant part as follows:

It shall not be unlawful and no prior court approval shall be required under this chapter for:

\* \* \*

(17) Any victim, witness or private detective licensed under the act of August 21, 1953 (P.L. 1273, No. 361), known as The Private Detective Act of 1953, to intercept the contents of any wire, electronic or oral communication, if that person is under a reasonable suspicion that the intercepted party is committing, about to commit or has committed a crime of violence and there is reason to believe that evidence of the crime of violence may be obtained from the interception.

18 Pa.C.S. § 5704(17) (footnote omitted).

[3] The settlement agreement was attached to Appellees' preliminary objections. The settlement agreement was executed on June 12, 2018, between the

to [Appellees] as agents of the Santangelos, (3) counts II and III for violation of 18 Pa.C.S. § 5703 should be dismissed as to any disclosures in the court of common pleas or to criminal authorities as such statements are absolutely protected by judicial privilege, (4) count I for violation of 18 Pa.C.S. § 5703(1) should be dismissed for failure to state a claim as there are no factual allegations that [Appellees] intercepted any oral communication, and (5) count IV for civil conspiracy should be dismissed because [Appellees] cannot conspire with their client[i.e., the Santangelos].

Trial Ct. Op., 10/23/19, at 2-4 (some formatting altered); Ex. A. to Appellees' Am. Prelim. Objs. to Appellant's Fifth Am. Compl.[4]

Appellant filed preliminary objections to Appellees' preliminary objections. Appellant argued only that Appellees waived their preliminary objections by not raising them earlier in response to Appellant's prior complaints. Appellant's Prelim. Objs. to Appellees' Prelim. Objs. to Appellant's Fifth Am. Compl., 11/9/18, at 4-6 (unpaginated). Appellant did not raise any

_____

Santangelos, Appellant, and Appellant's husband. Ex. A. to Appellees' Am. Prelim. Objs. to Appellant's Fifth Am. Compl. The agreement provided, among other things, that Appellant would discontinue with prejudice the above-captioned lawsuit and the private criminal complaints against the Santangelos. Id. Appellees first attached the settlement agreement in their preliminary objections to Appellant's third amended complaint. See Ex. A. to Appellees' Prelim. Objs. to Appellant's Third Am. Compl. Appellant filed a fourth amended complaint instead of filing preliminary objections to Appellees' preliminary objections or otherwise moving to strike the settlement agreement.

[4] The trial court ordered Appellees to file amended preliminary objections to Appellant's fifth amended complaint. Order, 10/3/18. Therefore, Appellees filed their fifth set of preliminary objections, which were captioned "amended," although there was nothing to amend.

other arguments or otherwise object to Appellees' alleged introduction of facts and evidence outside the complaint.[5]  On January 7, 2019, the trial court overruled Appellant's preliminary objections to Appellees' preliminary objections and ordered Appellant to file a response.  Order, 1/7/19.

On January 28, 2019, Appellant filed a one-paragraph answer to Appellees' preliminary objections:

> 1-71. [Appellant] need not respond to individual averments outlined in [Appellees'] preliminary objections as the pleading is not endorsed with a notice to plead,[6] Pa.R.C.P. No. 1026, and is not properly verified, Pa.R.C.P. No. 1024(a).  Any new 'facts' introduced in the pleading cannot be considered.  To the extent that any response is required, [Appellant] specifically denies all allegations therein and demands strict proof at time of trial if the same be material.

---

[5] Although Appellees pleaded legal insufficiency in their preliminary objections, in support, they argued collateral estoppel on the basis of *In re Hamelly*. Appellees' Am. Prelim. Objs. to Appellant's Fifth Am. Compl., 10/19/18, at 4-5.  Collateral estoppel is an affirmative defense that must be raised in a new matter, however, and "not in preliminary objections, Pa.R.Civ.P. 1030(a), unless the complaint 'sets forth in detail, either directly or by reference, the facts and issues pleaded by the prior suit.'"  *Weinar v. Lex*, 176 A.3d 907, 926 (Pa. Super. 2017) (citation omitted).  Appellant did not object on that basis, presumably because Appellant's complaint arguably references facts in the prior suit.

[6] Appellant is incorrect.  Appellees' preliminary objections included a notice to plead in compliance with Pa.R.C.P. 1361, which states the notice to plead "shall be in substantially the following form:" "You are hereby notified to file a written response to the enclosed (name of pleading) within twenty (20) days from service hereof or a judgment may be entered against you."  Pa.R.C.P. 1361.

Appellant's Answer to Appellees' Prelim. Objs. to Appellant's Fifth Am. Compl., 1/28/19, at 2 (unpaginated and formatting altered). Appellant's answer did not request leave to amend her complaint. Instead, she requested that the trial court sustain her preliminary objections and dismiss Appellees' preliminary objections. Id.

Notwithstanding her answer, Appellant filed a brief in support of her answer to Appellees' preliminary objections, in which she stipulated "to the material facts in" Appellees' brief in support of their preliminary objections. Appellant's Brief in Supp. of Appellant's Answer to Appellees' Prelim. Objs. to Appellant's Fifth Am. Compl., 1/28/19, at 3 (unpaginated).[7] In this brief, Appellant raised for the first time that Appellees improperly attached the settlement agreement and the trial court's decision in In re Hamelly, 12 M.D. 2018 (C.C.P. Mercer Cty. Mar. 29, 2018) (denying Appellant's petitions for review of her private criminal complaints). Appellant's Brief in Supp. of Appellant's Answer to Appellees' Prelim. Objs. to Appellant's Fifth Am. Compl. at 8. Appellant contended that the trial court could not consider those two exhibits. Id. Although she had stipulated to the material facts in Appellees' brief, Appellant maintained that disputed material facts exist, specifically that Appellees "dispute the interception of oral conversations as well as whether

_____

[7] Appellant's appellate brief, we note, substantially duplicates, word for word, this brief.

[they] had a financial interest and/or acted outside the scope of their representation." Id. Appellant also insisted for the first time that she is entitled to an opportunity to file an amended pleading. Id. at 9. Regardless, Appellant maintains that even when considering the improper exhibits, Appellees cannot escape liability as agents because they are the tortfeasors. Id.

On July 24, 2019, the trial court held a hearing and granted Appellees' preliminary objections to Appellant's fifth amended complaint. Order, 7/24/19. The trial court's July 24, 2019 order did not specifically state that Appellant's complaint was dismissed with prejudice. Order, 7/24/19. Nevertheless, because the trial court and the parties have construed the trial court's order as dismissing Appellant's complaint with prejudice, we proceed.

Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion reasoning, among other things, that "all of [Appellant's] claims are barred by collateral estoppel" and that it properly granted Appellees' preliminary objections as to Appellant's claims. Trial Ct. Op. at 7-8. The trial court also presented several other reasons justifying its grant of Appellees' preliminary objections and refusal to grant leave to amend, including that the settlement agreement released Appellees as agents of Appellants, judicial privilege, and that Appellant had filed five amended complaints. Id. at 8-15.

Appellant raises one issue on appeal:

Did the trial court abuse [its] discretion and commit an error of law by granting [Appellees'] preliminary objections because[] their right to relief is not clear and free from doubt; they have attempted to introduce facts and evidence outside of the complaint which cannot be considered; the principle of vicarious liability does not extend to the circumstances where the case does not involve the release of an agent in a single-tort case, but rather involves multiple separate acts and multiple tortfeasors and does not apply with a principal is released and not the agent; when a settlement agreement specifies the parties who are released, the agreement is subject to contract-interpretation principles and where there is an indication that the language of a written release includes a reservation of rights, it should be honored; agents for a corporation act within the scope of their agency and are one in [sic] the same with the corporation, but corporation is a creature of legal fiction which can act only through its agents; and parties in the course of or pertinent to any stage of judicial proceedings are privileged only to form the basis for liability for defamation.

Appellant's Brief at 3-4.[8]

In support of her issue, Appellant initially summarizes the law addressing preliminary objections, demurrer, vicarious liability, contract interpretation, and judicial privilege. Id. at 8-14. Appellant then argues that Appellees "impermissibly attached two exhibits" to their preliminary objections. Id. at 15. Appellant states "the question before the court is not solely whether, under the facts as stated, the plaintiff can recover, but whether the complaint, as stated, excludes the possibility of recovery under a better statement of facts." Id. Appellant notes that Appellees' "preliminary

_____

[8] Appellant's issue violates Pa.R.A.P. 2116, which states that the issue "must state concisely the issues to be resolved . . . ." Pa.R.A.P. 2116 (emphasis added). Also, Appellant does not raise an issue challenging the collateral estoppel reasoning of the trial court.

objections are rife with references regarding [Appellant] not being able to recover under the facts stated – nowhere do [Appellees] allege [Appellant] is unable to recover under any theory or set of facts." Id.

On the merits, Appellant asserts that the trial court could not have entered a demurrer because disputed material facts exist. Specifically, Appellees dispute the interception of oral conversations and whether they acted outside the scope of their representation of the Santangelos. Id. at 15-16. Appellant claims the trial court abused its discretion by not permitting her leave to amend her complaint. Id. at 16. Further, Appellant states that Appellees are tortfeasors and cannot be released as agents of the Santangelos. Id. Regardless, Appellant maintains that the settlement agreement only released the Santangelos and not Appellees as agents of the Santangelos. Id. at 16-17 (reasoning that although Appellant released "heirs and assigns" of the Santangelos, that term does not include agents).

Appellees point out that Appellant did not "directly address the issue of whether collateral estoppel" bars her claims and therefore she waived any arguments to the contrary. See Appellees' Brief at 9.

The standard of review is well settled:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary

objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

Am. Interior Const. & Blinds Inc. v. Benjamin's Desk, LLC, 206 A.3d 509, 512 (Pa. Super. 2019) (citation omitted). "To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred." McGuire v. Shubert, 722 A.2d 1087, 1090 (Pa. Super. 1998) (citation omitted). Finally, this Court is "not bound by the rationale of the trial court and may affirm on any basis." Mariner Chestnut Partners, L.P. v. Lenfest, 152 A.3d 265, 277 (Pa. Super. 2016).

Pennsylvania Rule of Civil Procedure 1028 permits the filing of preliminary objections to preliminary objections:

(a) Preliminary objections may be filed by any party to any pleading[9] and are limited to the following grounds:

\* \* \*

(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) insufficient specificity in a pleading;

_____

[9] Pennsylvania Rule of Civil Procedure 1017 defines "pleading" as including a "preliminary objection." Pa.R.C.P. 1017.

Pa.R.C.P. 1028. If a defendant's preliminary objection is procedurally improper, then "the proper challenge is to file preliminary objections to strike the defendant's preliminary objections for failure of a pleading to conform to law or rule of court." Devine v. Hutt, 863 A.2d 1160, 1167 (Pa. Super. 2004) (citations omitted). "[T]he failure of the opposing party to file preliminary objections to the defective preliminary objections . . . waives the procedural defect and allows the trial court to rule on the preliminary objections." Preiser v. Rosenzweig, 614 A.2d 303, 305 (Pa. Super. 1992) (citations omitted).

Further, in response to preliminary objections, a "party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections." Pa.R.C.P. 1028(c)(1). A party cannot complain the trial court erred by failing to grant leave to file an amended pleading if that party "never requested leave to amend." Desantctis v. Pritchard, 803 A.2d 230, 233 (Pa. Super. 2002).

Finally, it is well settled that this "Court will not act as counsel and will not develop arguments on behalf of an appellant." Bombar v. W. Am. Ins. Co., 932 A.2d 78, 93 (Pa. Super. 2007) (citation omitted); Coulter v. Ramsden, 94 A.3d 1080, 1088 (Pa. Super. 2014) (same); see Commonwealth v. Williams, 782 A.2d 517, 532 (Pa. 2001) (Saylor, J., concurring) (observing that the "Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in

the conflicting roles of advocate and neutral arbiter. . . . The practice of fashioning arguments for a party is also unfair to the would-be responding party").[10]

Here, as discussed above, in her appellate brief, Appellant raised two procedural challenges to Appellees' preliminary objections: (1) a contention that Appellees improperly attached two exhibits; and (2) an argument that Appellees failed to allege that Appellant "is unable to recover under any theory or set of facts." Appellant's Brief at 15. Appellant's preliminary objections to Appellees' preliminary objections, however, only argued that Appellees waived their preliminary objections by not consistently raising them in Appellees' previous preliminary objections. See Appellant's Prelim. Objs. to Appellees' Prelim. Objs. to Appellant's Fifth Am. Compl., 11/9/18, at 4-6. Appellant did not argue that Appellees' preliminary objections failed to "conform to law," e.g., by improperly attaching the settlement agreement, or were legally insufficient. See Pa.R.C.P. 1028. Appellant, therefore, has waived these

_____

[10] Cf. Dilliplaine v. Lehigh Valley Trust Co., 322 A.2d 114, 116 (Pa. 1974) (commenting that "[a]ppellate court consideration of issues not raised in the trial court results in the trial becoming merely a dress rehearsal. . . . The ill-prepared advocate's hope is that an appellate court will come to his aid after the fact and afford him relief despite his failure at trial to object to an alleged error").

- 14 -

arguments by failing to present them to the trial court for its initial consideration.[11]  See Pa.R.A.P. 302(a); Preiser, 614 A.2d at 305.

Regardless, Appellant completely failed to address the trial court's collateral estoppel reasoning.  See Trial Ct. Op. at 8 (holding "all of [Appellant's] claims are barred by collateral estoppel" in granting Appellees' preliminary objections to Appellant's first three counts); see generally Appellant's Brief at 7-19.  Appellant does not discuss or otherwise challenge the trial court's application of collateral estoppel, let alone even mention "collateral estoppel."  See id.; see generally Heldring v. Lundy Beldecos & Milyby, P.C., 151 A.3d 634, 644 (Pa. Super. 2016) (identifying five factors necessary for a holding of collateral estoppel).  This Court will not advocate on behalf of Appellant and develop her argument that the trial court erred in its collateral estoppel analysis.  See Bombar, 932 A.2d at 93.  We would not be a neutral arbiter if we fashioned arguments for Appellant challenging the trial court's reasoning.  See id.; see also Williams, 782 A.2d at 532.

It follows that if Appellant waived her challenge to the trial court's collateral estoppel reasoning for the underlying tort claims, then Appellant waived her challenge to the trial court's reasoning for dismissing her civil

_____

[11] As noted above, Appellant first challenged Appellees' attachment of the settlement agreement in her brief in support of her answer to Appellees' preliminary objections, and not in her preliminary objections to Appellees' preliminary objections.

- 15 -

conspiracy claim. See Appellant's Fifth Am. Compl. at ¶¶ 87-88 (alleging, "through their actions outlined herein above, [Appellees] acted with a common purpose to do an unlawful act or to do a lawful act by unlawful means" and "in pursuance of their common purpose"); see Rock v. Rangos, 61 A.3d 239, 249 (Pa. Super. 2013) (holding "conspiracy claim will not lie without a valid underlying civil claim" (citations omitted)); Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. 2004) (stating, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (citation omitted)).[12]

With respect to Appellant's argument that the trial court should have granted her leave to amend, we reiterate that Appellant's answer to Appellees' preliminary objections did not request leave to amend. Appellant, however, requested leave to amend in her brief in support of her answer. At this juncture, any amendment to her complaint would be meritless because of Appellant's failure to challenge the trial court's collateral estoppel reasoning. See Framlau Corp. v. Del. Cty., 299 A.2d 335, 337 (Pa. Super. 1972) (noting that "if it clearly appears that a defective complaint cannot be cured, a demurrer to it and dismissal of the action is proper." (citations omitted)); see also Rock, 61 A.3d at 249.

_____

[12] Although the trial court articulated different reasoning in support of its dismissal of Appellant's conspiracy claim, we may affirm on any basis. See Mariner Chestnut Partners, 152 A.3d at 277.

For the foregoing reasons, and given Appellant's failure to address the trial court's primary dispositive analysis of collateral estoppel, we need not address her remaining arguments.  Accordingly, we affirm the trial court's order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/24/2020