On appellant's petition for reconsideration filed August 16, reconsideration allowed; former opinion (207 Or App 198, 140 P3d 1172) clarified and adhered to as clarified October 4, 2006

In the Matter of the Marriage of

Laurel R. MILLER,
*Appellant,*

*and*

Lawrence B. MILLER,
*Respondent.*

00-DR-0299; A122208

144 P3d 1061

Allan H. Coon, Judge (Order entered July 9, 2003, and Judgment entered September 10, 2003).

Pat Wolke, Judge pro tempore (Supplemental Judgment entered September 23, 2004).

Clayton C. Patrick for petition.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Wife, who prevailed as appellant, *see Miller and Miller*, 207 Or App 198, 140 P3d 1172 (2006), petitions for reconsideration, asserting that our opinion erroneously failed to address her contention that (as she now styles it) the case "should be remanded to the trial court for reconsideration of [wife's] request for attorney fees for the modification hearing." We grant reconsideration and, with the following clarification, adhere to our original opinion and disposition.

In her brief as appellant, wife raised two assignments of error. The first assignment challenged the trial court's allowance of modification of spousal support. The second assignment of error read as follows:

"The trial court erred in granting the husband's request that he be awarded his attorney fees, and in denying the wife's request for attorney fees[.]"

Thus, the second assignment of error purported to challenge two rulings: (1) the trial court's award of fees to husband for prevailing in the modification proceeding; and (2) the denial of "wife's request for attorney fees."[1]

We reversed the trial court's allowance of modification, *Miller*, 207 Or App at 208, and we also, consequently, reversed the court's allowance of attorney fees to husband, *id.* Given that disposition, wife asserts that, as a matter of law and logic, we must also remand for reconsideration of the denial of her "request for fees."

At first blush, wife's contention seems patently correct. And it would be correct *if* wife's "request for attorney fees" referred to in the second assignment of error had been made in the context of opposing husband's motion for modification. But it was not.

From the manner in which the second assignment of error was framed, one might reasonably assume that there were crosscutting requests for attorney fees in the context of

---

[1] We note that the combination of challenges to multiple rulings within a single assignment of error violates ORAP 5.45. That, however, is not the basis of our disposition.

the modification proceeding and that the denial of "wife's request for attorney fees" was merely concomitant to the award of fees to husband. However, that was not the case. Wife *never* made a "request for attorney fees for the modification hearing." Rather, the only "request for fees" that wife ever made (as her appellant's brief explicitly acknowledged) was as part of a motion for contempt that she filed against husband. The trial court denied that motion, and wife did not assign error to that disposition. Accordingly, the trial court did not err in denying wife's only "request for attorney fees."

Reconsideration allowed; former opinion clarified and adhered to as clarified.