IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| WILLIAM J. BENZ, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180305G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION[1]** |

This case concerns whether Plaintiff (taxpayer) may deduct certain payments as alimony.

Taxpayer appealed from the Notice of Assessment issued by Defendant (the department) for the

period ending December 31, 2014.  At trial, taxpayer appeared and testified on his own behalf,

and Benjamin Barlow appeared and testified on behalf of the department.  Plaintiff's Exhibit 1

and Defendant's Exhibits A to F were admitted without objection.

## I.  STATEMENT OF FACTS

Taxpayer and his wife divorced in 2012 by means of a Stipulated General Judgment of

Dissolution of Marriage (the "dissolution judgment").  (Ex A at 1.)  In 2014, taxpayer made

payments to her totaling approximately $66,224 and claimed a corresponding alimony deduction

on his return.[2]  (Ex 1 at 1.)  That total included a payment of $13,974.10 pursuant to a stock

redemption agreement "as required by Paragraph 8.2.3" of the dissolution judgment (the "SRA

payment").  (*Id.* at 31.)

---

[1] This Final Decision incorporates without change the court's Decision, entered May 15, 2019.  The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] Taxpayer claimed an alimony deduction of $66,224.10 on his return; his records show payments totaling $66,228.72.  (Ex F at 1; Ex 1 at 3, 31.)  Taxpayer attributes $4.62 of the discrepancy to "fees."  (Ex 1 at 1.)

The relevant provisions of the dissolution judgment are set forth in the margin.[3]  It will be noted that the same provision appears twice, once in Paragraph 8.1.7 under "Husband's Assets" and once in Paragraph 8.2.3 under "Wife's Assets."

At audit, the department reduced taxpayer's deduction to $50,400, an amount equal to 12 of the $4,200 monthly payments required by Paragraph 4 of the dissolution judgment.  The department disallowed deductions for the SRA payment and for $1,850 in other payments exceeding those required by Paragraph 4 (the "extra support payments").  The department also imposed the substantial understatement penalty.  The conference officer upheld the audit result.

---

[3] "4.  Spousal Support.  Wife is granted an award against Husband for $3,000 per month indefinite maintenance and an additional $1,200 non-modifiable maintenance spousal support.  All spousal support is taxable as income to Wife and deductible by Husband. * * *.

"* * * * *

"8.  Division of Assets.  The parties have agreed to divide the assets as follows:

"8.1.  Husband's Assets.  Husband is hereby awarded and shall receive free from any claim of Wife:

"* * * * *

"8.1.7.  Pursuant to a Stock Redemption Agreement, Husband has a right to receive 15% of 18 1/3% [of] the net proceeds from the sale of land at 4330 SW Macadam in Portland, Oregon.  That interest is secured by a Trust Deed.  When the land is sold Husband and Wife will equally divide Husband's share of the land sale/condemnation net proceeds, if any, based upon Husband's current percentage of Trust Deed ownership.  Husband shall provide any documentation to show that his ownership is shared with his father's estate.  Each party shall pay for all taxes owed, if any, on his/her share of the sale proceeds received by that party.  Any tax benefit, if no proceeds are received, is allocated equally between Husband and Wife.

"* * * * *

"8.2.  Wife's Assets. * * *.

"* * * * *

"8.2.3.  Pursuant to a Stock Redemption Agreement, Husband has a right to receive 15% of 18 1/3% [of] the net proceeds from the sale of land at 4330 SW Macadam in Portland, Oregon.  That interest is secured by a Trust Deed.  When the land is sold Husband and Wife will equally divide Husband's share of the land sale/condemnation net proceeds, if any, based upon Husband's current percentage of Trust Deed ownership.  Husband shall provide any documentation to show that his ownership is shared with his father's estate.  Each party shall pay for all taxes owed, if any, on his/her share of the sale proceeds received by that party.  Any tax benefit, if no proceeds are received, is allocated equally between Husband and Wife.

"* * * * *."

On appeal to this court, taxpayer seeks to have the department's adjustments reversed and the associated tax, penalty, and interest refunded.

## II. ANALYSIS

The issues in this case are the deductibility of extra support payments and the SRA payment under IRC sections 215 and 71.[4]

Although the IRC is federal law, it applies here because the tax base of Oregon's personal income tax is "taxable income" as defined in the IRC, subject to modifications not pertinent here. *See* ORS 316.037; 316.022(6); 316.048.[5] The court applies federal as well as state judicial interpretations of the IRC. *See* ORS 316.032(2); *Baisch v. Dept. of Rev.*, 316 Or 203, 209, 850 P2d 1109 (1993); *DeGroat v. Dept. of Rev.*, TC 5322, WL 369166, at *2 (Or Tax Jan 29, 2019, amended Feb 11, 2019).

A.    *Alimony Payments Generally*

Among payments between spouses required by divorce decrees, a distinction may be drawn between property settlements and alimony, also known as spousal support. Property settlements—transfers of property incident to a divorce—do not result in recognition of gain or loss; they are neither taxable to the recipient nor deductible to the payor.[6] *See* IRC § 1041(a). Alimony payments, on the other hand, are taxable to the recipient and deductible by the payor. IRC §§ 71(a); 215(a).

---

[4] The court's references to the IRC are to the federal Internal Revenue Code as amended and in effect on January 16, 2014.

[5] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

[6] Although transfer of property between spouses does not trigger recognition of gain, where the property in question is a right to a future payment, gain is recognized when payment is received. *See Pfister v. Comm'r*, 359 F3d 352, 355 (4th Cir 2004) (even if acquisition of one-half interest in spouse's pension was not taxable, subsequent pension distributions were includible in payee's gross income on same basis as spouse).

Before 1984, federal courts distinguished alimony payments from property settlements by determining the intent manifested in the divorce decree. *See*, *e.g.*, *Griffith v. Comm'r*, 749 F2d 11, 13 (6th Cir 1984). In 1984, "Congress eliminated any consideration of intent in determining the deductibility of a payment as alimony in favor of a more straightforward, objective test that rests entirely on the fulfillment of explicit requirements set forth in section 71." *Okerson v. Comm'r*, 123 TC 258, 264–65 (2004). IRC section 71(b)(1) states:

> "The term 'alimony or separate maintenance payment' means any payment in cash if—
>
> "(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
> "(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>
> "(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
> "(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse."

A payment that satisfies all elements of the above definition is deductible as alimony; if any one of the elements is not met, the payment is not deductible. *See* IRC § 215(b); *Rood v. Comm'r*, 103 TCM (CCH) 1668, WL 1435009 at *4 (2012). Nevertheless, as discussed below, state contract law principles may apply where the decree on its face does not show that IRC section 71(b)(1)(D) is satisfied.

Here, the department argues that neither the SRA payment nor the extra support payments satisfied IRC section 71(b)(1).

B.    *Extra Support Payments*

A payment cannot be deductible as alimony unless it is made "under a divorce or separation instrument[.]"  IRC § 71(b)(1)(A).  Such divorce instruments include decrees of divorce or separate maintenance, written instruments incident to such decrees, written separation agreements, and decrees of support.  IRC § 71(b)(2).  In this context, an order or a judgment is equivalent to a "decree."  *Landreth v. Comm'r*, 73 TCM (CCH) 2536 (1997), 1997 WL 158302 at *4 (state-court order or judgment constitutes decree under IRC section 71).

"Under" a divorce instrument means required by the instrument; no deduction is allowed for payments beyond a payor's legal obligation.  *Van Vlaanderen v. Comm'r*, 175 F2d 389, 390 (3d Cir 1949) (where decree required $30 payments and payor made $100 payments, extra $70 was voluntary and therefore not deductible); *Bulakites v. Comm'r*, 113 TCM (CCH) 1384, WL 1957811 at *5–*6 (2017) (payments beyond requirements of separation agreement not deductible as alimony).

Here, the dissolution judgment is the only relevant "divorce or separation instrument."[7] Paragraph 4 of that judgment requires taxpayer to pay $4,200 per month in spousal support, an amount equal to $50,400 per year.  Taxpayer has not identified any provision that required him to pay the extra $1,850 for which a deduction was disallowed.  On their face, taxpayer's extra payments appear voluntary and therefore nondeductible.  *See Van Vlaanderen*, 175 F2d at 390.

Taxpayer argues the "front-loading" provisions of IRC section 71(f) permitted him to claim a deduction for payments he made in advance of future years' payments.  That is a misreading of IRC section 71(f), which serves "to prevent the masking of property settlements as

---

[7] In testimony, taxpayer referred to a later modification of the spousal support.  No documentation of that modification was provided, and neither party argues it is applicable to the tax year before the court.

deductible alimony payments" by means of large initial payments. *Walters v. Comm'r*, 68 TCM (CCH) 1533 (1994), 1994 WL 718491 at *5 (US Tax Ct). As a payor spouse, taxpayer could not benefit from IRC section 71(f), which requires payor spouses to include "excess alimony payments" in their gross income. *See* IRC § 71(f)(1)(A). "Excess" payments are alimony payments that are significantly larger in the first two post-separation years than in the third post-separation year. *See* IRC § 71(f)(2)–(4). They are not voluntary payments above what is required by a divorce or separation instrument; they must still satisfy the elements of IRC section 71(b)(1) to qualify as "alimony or separate maintenance payments." *See* IRC § 71(f)(3),(4). IRC section 71(f) is not applicable to taxpayer's circumstances.

The extra support payments were not deductible as "alimony or separate maintenance payments" because they were not required by the dissolution judgment. They were properly disallowed.

C.    *SRA Payment*

The department argues that the SRA payment failed to satisfy multiple elements of IRC section 71(b)(1). A payment is not deductible as alimony if it fails to satisfy even one of the elements. Because the court concludes that the SRA payment obligation did not satisfy the termination-on-death element of IRC section 71(b)(1)(D), it will suffice to analyze only that element.

Payments may only be deductible as alimony if the obligation to make them terminates with the death of the payee spouse: there must be "no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse." IRC § 71(b)(1)(D). Since 1984, that requirement has served as an objective test that disregards

the intent of parties to a divorce and discards the panoply of factors previously used by federal courts to distinguish support payments from property settlements. *See*, *e.g.*, *Beard v. Comm'r*, 77 TC 1275, 1284–85 (1981).

However, the federal test is not always the only applicable test. Where a divorce instrument does not explicitly state that a payment obligation terminates on the payee's death, IRC section 71(b)(1)(D) can be satisfied if the payments would terminate at death under state law. *Hoover v. Comm'r*, 102 F3d 842, 845–46 (6th Cir 1996). Oregon courts interpret divorce settlements by seeking "the intent of the parties as evidenced by the language of the document, or, where ambiguity exists, by extrinsic evidence." *Matter of Marriage of McDonnal*, 293 Or 772, 780, 652 P2d 1247, 1251 (1982); *see also In re Marriage of Neal*, 181 Or App 361, 366, 45 P3d 1011 (2002). Recognizing that analysis under state contract law may lead to the kind of subjective inquiry the 1984 changes to the IRC had supposedly eliminated, the Sixth Circuit stated:

> "[W]hen state family law is ambiguous as to the termination of payments upon the death of the payee, a federal court will not engage in complex, subjective inquiries under state law; rather, the court will read the divorce instrument and make its own determination based on the language of the document."

*Hoover*, 102 F3d at 846. Nevertheless, as noted by the *Hoover* court, the U.S. Tax Court has split on this question. *Compare Webb v. Comm'r*, 60 TCM (CCH) 1024 (1990) (declining to infer intent) with *Cunningham v. Comm'r*, 68 TCM (CCH) 801 (1994) (applying state contract law and considering extrinsic evidence to determine intent). To the extent a divorce instrument unambiguously shows that, under state law, a payment obligation would terminate on the recipient's death, all courts agree in ending the inquiry without consulting extrinsic evidence.

In Oregon, liability for payments under a divorce instrument terminates upon death if the

payments are "spousal support." ORS 107.105(1)(d).[8] To distinguish property settlements from spousal support, Oregon courts "look to the facts of each case for the various 'earmarks of spousal support' ":

> "We have recognized a variety of relevant factors, including: (1) how the obligation was denominated, or 'labeled,' in the [marital settlement agreement]; (2) whether the obligation requires monthly payments; (3) whether the obligation is interest-bearing; (4) whether the obligation survives the death of the parties; (5) how the parties have characterized the payments for tax purposes; and (6) whether a spousal support award would have been appropriate in the case."

*In re Marriage of Miller*, 207 Or App 198, 203, 140 P3d 1172 (2006), *opinion adh'd to as modified on recons*, 208 Or App 483 (2006). This court has found the express characterization of payments as alimony controlling, regarding as immaterial the fact that the taxpayer "may have considered the payments as part of the property settlement." *Kemp v. Dept. of Rev.*, TC 4241, WL 477958 at *3 (Or Tax July 27, 1998).

In the present case, the dissolution judgment is silent regarding whether taxpayer's obligation to make the SRA payment would end with the payee's death. IRC section 71(b)(1) could therefore only be satisfied—and the SRA payment could only be "alimony" under the IRC—if it was "spousal support" under Oregon law. *See Hoover v. Comm'r*, 102 F3d at 845–46.

However, the dissolution judgment unambiguously shows that the SRA payment was a property settlement rather than spousal support. Firstly, the judgment requires that the spouses "equally divide Husband's share of land sale/condemnation net proceeds," and it places that requirement under Paragraph 8, "Division of Assets," rather than Paragraph 4, "Spousal Support." Secondly, the operative language occurs twice in the judgment—once in Paragraph

---

[8] ORS 107.105(1)(d) states, in pertinent part: "Unless otherwise expressly provided in the judgment and except for any unpaid balance of previously ordered spousal support, liability for the payment of spousal support shall terminate on the death of either party, and there shall be no liability for either the payment of spousal support or for any payment in cash or property as a substitute for the payment of spousal support after the death of either party."

8.1.7 under "Husband's Assets" and once in Paragraph 8.2.3 under "Wife's Assets." The two identical paragraphs should have similar meanings; if taxpayer's right to receive half the proceeds under Paragraph 8.1.7 was not alimony, neither was his wife's under Paragraph 8.2.3. Thirdly, the provisions disclaim alimony tax treatment: "Each party shall pay all taxes owed, if any on his/her share of the sale proceeds received by that party." Fourthly, the provisions require single lump-sum payments rather than monthly payments. The dissolution judgment clearly mandated the division of an asset—taxpayer's right to receive a payment upon sale of a property—rather than a support payment.

Taxpayer objects that IRC section 71(b)(1)(D) is "moot" because the payee spouse had not died when the SRA payment occurred. Taxpayer's argument is misplaced because what is at issue is not whether the SRA payment was owed when it was made; that is undisputed. Rather, the issue is how to characterize taxpayer's liability under the dissolution judgment. The test under IRC section 71(b)(1)(D) of whether a payment is alimony is not whether the payment was actually made after the payee spouse's death, but whether it would have been required if the payee spouse had died. *Okerson v. Comm'r*, 123 TC 258, 266 (2004). That distinction has practical importance beyond taxes, not only for the recipient's heirs, but also because "support orders are judicially modifiable, while property divisions are not." *Miller*, 207 Or App at 203 (quoting *Thomas and Thomas*, 160 Or App 365, 369, 981 P2d 382 (1999)). Because the SRA payment obligation was not terminable on death, it was not deductible as alimony.

### III. CONCLUSION

Taxpayer's payments above $50,400 did not qualify for the alimony deduction because they did not meet the definition of alimony found in IRC section 71(b)(1). Taxpayer's extra support payments were not required by the dissolution judgment, and his liability for the SRA

payment would not have terminated on the payee spouse's death either under the terms of the judgment or under state law. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of June 2019.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on June 5, 2019.*